Glenn D. SHACKELFORD, Appellant,

v.

Sandra J. BARTON, Appellee.

No. 12–04–00019–CV.

Court of Appeals of Texas,
Tyler.

Aug. 25, 2004.

Rehearing Overruled Nov. 19, 2004.

Glenn D. Shackelford, pro se.

Sandra J. Barton, pro se.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

SAM GRIFFITH, Justice.

Appellant Glenn D. Shackelford ("Shackelford") appeals the trial court's denial of his motion to set aside a divorce decree. On appeal, Shackelford presents three issues. We dismiss this appeal for want of jurisdiction.

### BACKGROUND

Shackelford and Sandra J. Barton ("Barton") were divorced on or about November 14, 1996. On December 9, 2003, Shackelford filed a motion to set aside the divorce decree, alleging that the trial court lacked subject matter jurisdiction. Specif-ically, Shackelford's motion contended that Henderson County, Texas failed to promulgate the Texas Family Code, thus denying him notice and fair warning of the law to which he was subjected. Further, Shackelford complained that the Texas Family Code did not constitutionally exist, was vague and ambiguous, and that his divorce decree was procured by extrinsic fraud because of the trial court's misrepresentation that the Texas Family Code constitutionally existed. Thus, Shackelford contended that he was entitled to protection under the constitutions of the State of Texas and the United States.

On the same date, Shackelford also filed a request for a hearing on his motion and a motion requesting to be present by telephone at the hearing because he is a prisoner of the State of Texas. By letter dated December 31, the trial court denied Shackelford's motion to set aside the divorce decree. This appeal followed.

### COLLATERAL ATTACK

In his first issue, Shackelford contends that the trial court erred by refusing to rule on his request for a hearing on his motion to set aside the divorce decree. Further, Shackelford contends that the trial court erred by refusing to rule on his motion to be present at the hearing by telephone. In his second issue, Shackelford argues that the trial court's written letter order denying his motion to set aside the divorce decree was not valid because it was not filed with the district clerk and made a part of the record. In his third issue, Shackelford complains that the trial court erred by denying his motion to set aside because the trial court lacked subject matter jurisdiction to render his divorce decree. We shall consider Shackelford's third issue first.

### Applicable Law

■ A collateral attack is any proceeding to avoid the effect of a judgment that does not meet all the requirements of a valid direct attack, i.e., a motion for new trial or a bill of review. *Toles v. Toles,* 113 S.W.3d 899, 914 (Tex.App.-Dallas 2003, no pet.); *Zarate v. Sun Operating Ltd., Inc.,* 40 S.W.3d 617, 620 (Tex.App.-San Antonio 2001, pet. denied); *Glunz v. Hernandez,* 908 S.W.2d 253, 255 & n. 3 (Tex.App.-San Antonio 1995, writ denied). For a collateral attack, there is neither a set procedure nor a statute of limitations. *Zarate,* 40 S.W.3d at 620–21; *Glunz,* 908 S.W.2d at 255. Collateral attacks may only be used to set aside a judgment that is void or involves fundamental error. *Zarate,* 40 S.W.3d at 621; *Glunz,* 908 S.W.2d at 255. A judgment is void if it is shown that the court lacked jurisdiction (1) over a party or the property; (2) over the subject matter; (3) to enter a particular judgment; or (4) to act as a court. *Zarate,* 40 S.W.3d at 621; *Glunz,* 908 S.W.2d at 255 (citing *Cook v. Cameron,* 733 S.W.2d 137, 140 (Tex. 1987)); *see also Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985).

■ When reviewing a collateral attack, we presume the validity of the judgment under attack. *Johnson v. Ventling,* 132 S.W.3d 173, 177 (Tex.App.-Corpus Christi 2004, no pet.); *Toles,* 113 S.W.3d at 914. The recitations of the judgment control the rest of the record, and extrinsic evidence cannot be used to establish a lack of jurisdiction. *Narvaez v. Maldonado,* 127 S.W.3d 313, 317 (Tex.App.-Austin 2004, no pet.); *Toles,* 113 S.W.3d at 914. A collateral attack fails if the judgment contains jurisdictional recitals, even if other parts of the record show a lack of jurisdiction. *Johnson,* 132 S.W.3d at 178; *Toles,* 113 S.W.3d at 914.

### Analysis

■ We must first determine whether the judgment being attacked is void. *See Zarate,* 40 S.W.3d at 621. In this case, the judgment under attack is the final decree of divorce. The final decree contains the following recitation:

> The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction over this cause of action and the parties and that at least 60 days have elapsed since the date the suit was filed. The Court finds Petitioner has been a domiciliary of this state for at least a six-month period preceding the filing of this action and a resident of the county in which this suit is filed for at least a 90–day period preceding the filing of this action. All persons entitled to citation were properly cited.

This language has been found sufficient to establish the jurisdictional basis for a valid judgment. *See Toles,* 113 S.W.3d at 914 (citing *Ramsey v. Ramsey,* 19 S.W.3d 548, 553 (Tex.App.-Austin 2000, no pet.)). Further, the final decree is regular on its face and settles all legal issues and rights between the parties. *See Johnson,* 132 S.W.3d at 178. Thus, the decree is not void and may not be collaterally attacked. *See id.; Toles,* 113 S.W.3d at 914–15. Having determined that the final decree of divorce is not void, we must decide whether we have jurisdiction over this appeal. *See Zarate,* 40 S.W.3d at 623.

A trial court retains jurisdiction over a case for a minimum of thirty days after signing a final judgment. Tex.R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith Southern Equip., Inc.,* 10 S.W.3d 308, 310 (Tex.2000). A trial court's plenary power may be extended by timely filing an appropriate post-judgment motion within the ini-

tial thirty-day period, such as a motion for new trial or a motion to modify, correct, or reform the judgment. Tex.R. Civ. P. 329b(a), (e), (g); *Lane Bank Equip. Co.*, 10 S.W.3d at 310; *In re T.G.*, 68 S.W.3d 171, 176 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). When an appropriate post-judgment motion is filed within the initial thirty-day period, the trial court's plenary power over the judgment is extended up to an additional seventy-five days, depending on when or whether the court acts on the motion. *Lane Bank Equip. Co.*, 10 S.W.3d at 310. However, if no party to a judgment files a motion that extends the trial court's plenary power, the trial court loses jurisdiction over the judgment thirty days after the judgment is signed and has no power to set aside a judgment except by bill of review for sufficient cause. Tex.R. Civ. P. 329b(f); *Johnson*, 132 S.W.3d at 178.

 Nonetheless, even after expiration of its plenary jurisdiction, a trial court retains its inherent power to clarify or enforce a divorce decree. *Johnson*, 132 S.W.3d at 178 (citing *McGehee v. Epley*, 661 S.W.2d 924, 926 (Tex.1983)). However, any order "that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court and is unenforceable." Tex. Fam.Code Ann. § 9.007(b) (Vernon 1998); *Johnson*, 132 S.W.3d at 178. Finally, "[i]t is well established in Texas that a divorce judgment, unappealed, and regular on its face, is not subject to a collateral attack in a subsequent suit." *Hardin v. Hardin*, 597 S.W.2d 347, 350 (Tex.1980).

 There is no record that either party appealed the decree or filed any post-judgment motion that extended the trial court's plenary power. Thus, after expiration of its plenary jurisdiction, the trial court retained only its inherent power to clarify or enforce the 1996 divorce decree. *See Johnson*, 132 S.W.3d at 179. The motion to set aside the divorce decree was filed on December 9, 2003. By that time, the trial court's plenary power to change the 1996 final decree of divorce had expired because the motion was filed more than thirty days after the decree was signed. *See* Tex.R. Civ. P. 329b; *Zarate*, 40 S.W.3d at 623. An untimely motion to set aside a judgment provides no basis for consideration on appeal. *See Zarate*, 40 S.W.3d at 623 (citing *Clements v. Barnes*, 822 S.W.2d 658, 660 (Tex.App.-Corpus Christi 1991), *rev'd on other grounds*, 834 S.W.2d 45 (Tex.1992); *Dean v. Warren*, 464 S.W.2d 672, 673 (Tex.Civ.App.-Tyler 1971, no writ)). As a result, the trial court's order denying Shackelford's motion to set aside was not an appealable order. *See id.* (stating that appeals are allowed only from final judgments). Therefore, we have no jurisdiction to consider the trial court's ruling on the motion to set aside the divorce decree. *See id.*

### DISPOSITION

We dismiss this appeal for want of jurisdiction. Having determined that we lack jurisdiction to consider the appeal of the trial court's ruling, it is unnecessary for us to address Shackelford's first and second issues.