### METROPOLITAN CASUALTY INSURANCE COMPANY, Appellant

v.

### Horace FOSTER, Permanent Guardian of the Estate of Ramon Antonio Rivera, a Minor, Appellee.

### No. 01–05–01076–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 1, 2007.

Kevin L. Hood, Richard Todd Fass, Fabrega, Hood, Raynes & Fass, L.L.P., Houston, TX, for Appellant.

Gus G. Tamborello, Gus G. Tamborello, P.C., Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and HIGLEY.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Metropolitan Casualty Insurance Company ("Metropolitan"), appeals from the probate court's order enforcing the terms of a court-approved minor settlement agreement between Metropolitan and appellee, Horace Marchant Foster, the permanent guardian of the estate of Ra-

mon Antonio Rivera, a minor. In its sole issue, appellant argues that because the trial court did not enter a separate final judgment, the order approving the settlement is not enforceable.

We affirm.

### Facts and Procedural History

On April 29, 2001, Virginia Daniel and her husband, Joshua Wayne Daniel, were killed in a motorcycle accident. Virginia is survived by her nine-year-old son from a previous marriage, Ramon Antonio Rivera ("Tony"), and her parents, Horace Marchant Foster and Darlene Goddard. At the time of her death, Virginia was covered by an automobile insurance policy issued by Metropolitan with uninsured/underinsured motorist benefits.

On February 15, 2004, Tony's father filed a wrongful death suit on his son's behalf against several parties involved in the accident; Metropolitan was not included in this petition. On July 6, 2004, the trial court appointed Foster as the permanent guardian of Tony's estate, and Foster subsequently substituted in as plaintiff in the wrongful death suit. On December 30, 2004, Foster filed a motion to transfer the suit to probate court, which the probate court granted. On January 7, 2005, Foster filed an amended petition with the probate court alleging that Metropolitan had "failed and refused" to pay any benefits under the policy covering Virginia.

As a result of mediation, Foster reached an agreement to settle the wrongful death suit. Apart from the wrongful death suit, Foster also reached an agreement with Metropolitan to settle his claim against Metropolitan for $50,000. On April 6, 2005, Foster filed a motion to approve the settlement with the probate court, stating, in relation to Metropolitan, that Virginia "had a policy providing underinsured motorists coverage up to $50,000" and proposing that Foster, as guardian of Tony's estate, receive $17,000—34% of the proceeds—and that the remaining $33,000 be divided equally between Foster, in his individual capacity, and Goddard.

The probate court held a hearing on April 11, 2006, at which Foster testified. Upon cross-examination by Metropolitan, Foster agreed that Metropolitan had "agreed to pay the $50,000" and that once it paid this money, Metropolitan "[would] no longer be liable for any further money at all, whatsoever." Foster also stated that he understood that he was waiving his right to have his claim against Metropolitan tried to a jury "in order to enter into this Settlement [sic]." At the conclusion of the hearing, the court orally approved the settlement. That same day, the court also entered an order approving the terms of the settlement agreement as explained in Foster's motion and ordering that Foster be authorized to settle the wrongful death claim and the claim against Metropolitan.

At some point after this hearing, Metropolitan tendered to Foster for Tony's benefit a check for $17,000. On July 29, 2005, counsel for Metropolitan faxed a letter to Foster's attorney asking how the checks for Foster and Goddard should be written and promising to send with them the applicable releases for execution. On August 9, 2005, however, counsel for Metropolitan contacted counsel for Foster to explain that Virginia's policy only provided $25,000 in coverage, not $50,000. In response to a letter from Foster's counsel reaffirming that the settlement agreement provided for a $50,000 payment, counsel for Metropolitan stated that because Virginia's policy only provided for $25,000 in coverage, only $8,000 remained to be divided between Foster and Goddard.

In response to Metropolitan's refusal to pay the full $50,000, Foster filed a motion

with the probate court to enforce the order approving the settlement. After holding a hearing on the motion to enforce, the probate court entered an enforcement order finding, in relevant part, that:

3. The order approving [the] settlement dated April 11, 2005 is a final and unappealable order;

4. There is no basis to clarify the order approving [the] settlement dated April 11, 2005;

5. Metropolitan Property & Casualty Insurance Company was required to pay $50,000.00 as its part of the settlement;

6. Metropolitan Property & Casualty Insurance Company has paid only $17,000.00 of the $50,000.00 it was required to pay; and

7. The order approving [the] settlement dated April 11, 2005 should be enforced.

The court ordered, therefore, that Metropolitan pay $16,500 each to Foster and Goddard within 30 days. In response to this enforcement order, Metropolitan instituted this appeal.

### Analysis

In its sole issue on appeal, Metropolitan argues that because the trial court's order approving the settlement agreement between Metropolitan and Foster was not a final, appealable judgment, Metropolitan properly exercised its right to withdraw its consent to the settlement agreement and the court should not have entered an order enforcing the settlement agreement. Foster responds that the trial court's order approving the settlement agreement was a final order, and Metropolitan had 30 days within which to file an appeal or a post-judgment motion, but did not. Thus, the trial court's plenary power to modify the approval order expired and the order to enforce the settlement was proper.

### Whether the Order Approving the Settlement Was Final

■ Under the Texas Probate Code, "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." Tex. Prob.Code Ann. § 5(g) (Vernon Supp.2006). A probate order is final "if it conclusively disposes of and is decisive of the issue or controverted question for which that particular part of the proceeding was brought, even if the decision does not fully and finally dispose of the entire probate proceeding." Huston v. Fed. Deposit Ins. Corp., 800 S.W.2d 845, 848 (Tex.1990) (citing Fischer v. Williams, 160 Tex. 342, 331 S.W.2d 210, 213 (1960)). In other words, a probate order is final and appealable if it finally adjudicates a substantial right; if the order merely leads to further hearings on the issue, it is interlocutory. Id.; Roach v. Rowley, 135 S.W.3d 845, 848 (Tex.App.-Houston [1st Dist.] 2004, no pet.).

■ Here, the probate court's April 11, 2005 order approving the settlement was final. Because he had reached a settlement agreement with all parties to the wrongful death suit and a separate settlement agreement with Metropolitan for $50,000, Foster filed a motion in the probate court for approval of the settlement made on Tony's behalf. At a hearing on the motion, Foster testified on cross-examination that Metropolitan had agreed to settle with Foster in exchange for a release of all claims against it and that Foster had waived his right to have a jury decide the issue. The court approved the settlement and ordered Metropolitan to pay $50,000–$17,000 to Foster on Tony's behalf, and $16,500 each to Foster and Goddard in their individual capacities in accordance with Foster's proposal. This was a final adjudication on Foster's claim against Metropolitan; no further hearings

were necessary and none was held. *See Roach,* 135 S.W.3d at 848. Thus, the approval order conclusively disposed of and was decisive on the issues of whether Foster had relinquished all claims against Metropolitan and how much Metropolitan would pay in return. *See Huston,* 800 S.W.2d at 848 (citing *Fischer,* 331 S.W.2d at 213). The approval order, therefore, was final. *See* TEX. PROB.CODE ANN. § 5(g).

### Whether the Order Enforcing the Settlement Was Proper

■ Because the approval order was final and had the same force and effect as a judgment,[1] Metropolitan had 30 days to appeal the order or to file a post-judgment motion. *See* TEX.R.APP. P. 26.1; TEX.R. CIV. P. 329b(g). It did neither. Thus, the court's plenary power to vacate, modify, correct, or reform the approval order expired on May 11, 2005–30 days after it was signed. *See* TEX.R. CIV. P. 329b(d). Even though the court's plenary power had expired, the court retained the power to correct, at any time, any clerical error in the order [2] and its inherent power to clarify or enforce the order. *See Shackelford v. Barton,* 156 S.W.3d 604, 607 (Tex.App.-Tyler 2004, pet. denied); *Hurley v. Hurley,* 960 S.W.2d 287, 288 (Tex.App.-Houston [1st Dist.] 1997, no pet.).

The approval order needed no clarification. Foster filed a motion for approval of the settlement with the court stating that Foster had reached an agreement with Metropolitan to settle his claim against for Metropolitan for $50,000. Upon cross-examination by Metropolitan at the hearing on this motion, Foster agreed that Metropolitan would pay a total of $50,000 to settle Foster's claim and that, in return,

Foster was waiving his right to a jury trial on the issue and Metropolitan would no longer be liable "for any further money at all, whatsoever." At the conclusion of the hearing, the court orally approved this agreement. That same day, the court also entered a written order approving the terms of the settlement agreement as explained in Foster's motion and ordering that Foster be authorized to settle the claim against Metropolitan. At no time prior to the court's approval order did Metropolitan object to Foster's explanation of the settlement agreement in the motion; nor did Metropolitan seek, within 30 days of its signing, to have the approval order vacated, modified, corrected, or reformed. *See* TEX.R. CIV. P. 329b(d). In fact, Metropolitan itself, in questioning Foster at the hearing, stated the value of the settlement as $50,000 and later paid $17,000 to Tony in partial satisfaction of the settlement agreement. Thus, the approval order contained no clerical error; nor did it need clarification. *See* TEX.R. CIV. P. 329b(f); *Shackelford,* 156 S.W.3d at 607; *Hurley,* 960 S.W.2d at 288.

Because the approval order was final and needed no clarification, and because Metropolitan did not discover its mistake and seek within 30 days of the approval order's signing to have it vacated, modified, corrected, or reformed, the court properly exercised its inherent power to enforce the approval order. *See Shackelford,* 156 S.W.3d at 607; *Hurley,* 960 S.W.2d at 288; *see also* TEX. GOV'T CODE ANN. § 21.001(a) (Vernon 2004) ("A court has all powers necessary for ... the enforcement of its lawful orders....."). The only limit on a trial court's enforcement

---

1. *Maxfield v. Terry,* 885 S.W.2d 216, 220 (Tex. App.-Dallas 1994, writ denied) ("Under Texas law, probate orders are the functional equivalent of a judgment when the order finally

disposes of a particular issue between the parties.").

2. *See* TEX.R. CIV. P. 329b(f).

order is that the order "may not be inconsistent with the original judgment and must not constitute a material change in substantial adjudicated portions of the judgment." *Matz v. Bennion,* 961 S.W.2d 445, 452 (Tex.App.-Houston [1st Dist.] 1997, writ denied). Here, the enforcement order reaffirmed that Foster and Metropolitan had settled for $50,000 and ordered Metropolitan to pay $16,500 each to Foster and Goddard in their individual capacities. This order was consistent with and did not constitute a change to the original approval order. *See Matz,* 961 S.W.2d at 452. Thus, the probate court properly exercised its inherent power to enforce the order approving the settlement agreement between Foster and Metropolitan. *See Shackelford,* 156 S.W.3d at 607; *Hurley,* 960 S.W.2d at 288; *see also* TEX. GOV'T CODE ANN. § 21.001(a).

We overrule Metropolitan's sole issue on appeal.

## Conclusion

We affirm the enforcement order of the trial court.