Kimberly **BOZEMAN**, Appellant,

v.

Suzanne **KORNBLIT**, Successor Administrator of the Estate of Rein Henderson, Deceased, Appellee.

No. 01–05–01066–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 21, 2007.

Joe Roden, Rusty Hardin & Associates, Houston, for Appellant.

Suzanne P. Kornblit, Suzanne P. Kornblit & Associates, Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and BLAND.

## OPINION

SHERRY RADACK, Chief Justice.

Appellant, Kimberly Bozeman, challenges the "Order Approving Account for Final Settlement," which was signed by the trial court on August 5, 2005, upon the motion of appellee, Suzanne Kornblit, Successor Administrator of the Estate of Rein Henderson, Deceased.

On March 14, 2007, we issued an order notifying the parties that it appeared to this Court that we lacked jurisdiction to entertain this appeal because the August 5, 2005 order did not appear to be final or appealable. *See* TEX.R.APP. P. 42.3(a) (authorizing courts of appeal to dismiss, for want of jurisdiction, on its own initiative, after providing 10 days notice to all parties). Our order relied on TEX. PROB.CODE ANN. § 5(g) (Vernon Supp.2006–2007) and the supreme court's recent opinion in *Brittingham-Sada de Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex.2006) (citing *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001)). By the same order, we requested that appellant request and pay for, and the district clerk file, within ten days, a supplemental clerk's record demonstrating that this Court has jurisdiction.

No supplemental clerk's record has been filed, but Bozeman has filed a supplemental brief regarding jurisdiction, to which Kornblit has filed a reply. Bozeman contends that this Court may properly exercise jurisdiction. Kornblit replies that we lack jurisdiction pursuant to *de Ayala.* We agree with Kornblit.

### Discussion

■ Parties may appeal only from a final judgment as a general rule. *Brittingham-Sada de Ayala,* 193 S.W.3d at 578 (citing *Lehmann,* 39 S.W.3d at 195); *but see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a) (Vernon Supp.2006) (listing interlocutory orders that are appealable).

■ Consistent with these principles, the Probate Code states that "[a]ll *final* orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." TEX. PROB.CODE ANN. § 5(g) (emphasis added). The Probate Code does not clarify, however, what constitutes a "final" and, therefore, "appealable," judgment or order for purposes of section 5(g), although some code provisions specify that certain orders are final and appealable, as for example, a judgment that determines heirship, *e.g.,* TEX. PROB. CODE ANN. § 55(a) (Vernon 2003). Probate orders that are appealable on a "discrete issue" during the pendency of a probate

proceeding, which may entail several such "final" orders, are exceptions, therefore, to the "one final judgment" rule. *See Brittingham-Sada de Ayala*, 193 S.W.3d at 578 (citing *Lehmann*, 39 S.W.3d at 192); *Young v. First Comm. Bank*, 222 S.W.3d 454, 457 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (noting that there may be but "one final judgment rendered in any cause," pursuant to rule 301, except when "specially provided by law") (citing TEX.R. CIV. P. 301).

■ But, not every interlocutory order in a probate case is appealable. As the supreme court noted in *Brittingham-Sada de Ayala*, "determining whether an otherwise interlocutory probate order is final enough to qualify for appeal, has proved difficult." 193 S.W.3d at 578. Acknowledging not only the "inherent" difficulty of establishing an appropriate test for finality, but also the "ambiguities . . ." of precedents that attempted to establish a test, the *Brittingham-Sada de Ayala* court reiterated that severance may ensure finality and, thus, appealability in a proper case. *Id.* at 578 (citing and quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). In *Brittingham-Sada de Ayala*, as here, however, no severance was sought. *Id.*

■ In determining the finality question in *Brittingham-Sada de Ayala*, the court reiterated the *Crowson* court's concern that the "substantial right" test, pursuant to which orders that adjudicated a substantial right were deemed appealable, lacked ascertainable parameters and thus proved a "fruitful source" of litigation. *Id.* (citing *Crowson*, 897 S.W.2d at 783). Though adjudication of a substantial right remains a properly considered factor, an "equally important" factor is the requirement that the challenged order "dispose of all issues in the phase of the proceeding for which it was brought." *Id.* (citing

*Crowson*, 897 S.W.2d at 782–83). Accordingly,

> [i]f there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (quoting *Crowson*, 897 S.W.2d at 783). Under this test, as reiterated in *Brittingham-Sada de Ayala*, an order that merely "sets the stage" for further resolution, is interlocutory and not appealable. *Id.* at 579.

■ The trial court issued the order challenged here pursuant to section 405 of the Probate Code, which governs approval of final settlement of decedent estates. *See* TEX. PROB.CODE ANN. § 405 (Vernon 2003). The statute does not expressly authorize an appellate challenge, *see id.*, but provides some guidance in determining the finality of the order challenged here. Section 405 provides an extensive listing of the matters that must be addressed in the account for final settlement when "administration of the estate of a decedent is to be settled *and closed.*" *See id.* (emphasis added). Bozeman's contention that the order is final ignores that section 405 requires these multiple steps before final settlement and closing of the estate envisioned by the statute can be achieved. *See id.* § 405.

Section 405 requires not only the description contemplated by the order challenged here, but also disposition of all estate property and payment of all debts, to the extent this can be done, in order

that the estate may "be settled *and closed.*" *See id.* (1)-(10) (emphasis added).

The record in this appeal does not establish that the August 5, 2005 order is a final order because the order itself specifies additional actions that are to be accomplished in order to achieve not only final settlement, but also closing of the estate. Specifically, the order contemplates (1) payment of attorney fees awarded under separate order, (2) delivery of all property and funds belonging to the heirs in accordance with the trial court's judgment of heirship signed on April 25, 2005, and also (3) the "filing of a proper Application and Order to Close Estate verifying receipt of such funds" by the heirs, all of which had not occurred on August 5, 2005, when the trial court signed the challenged order.

Moreover, the record further reflects that appellee Kornblit had actually submitted to the trial court a proposed application to close the estate. By this document, Kornblit confirmed that all funds had been paid to the heirs, provided a recapitulation of disbursed funds, and, in addition, provided a proposed order to close the estate. *See* TEX. PROB.CODE ANN. § 405. Kornblit's proposed order to close the estate remains pending and was never signed. Accordingly, the final action contemplated by section 405—closing the estate—has not yet occurred.

In the supplemental brief submitted in response to this Court's March 14, 2007 order, Bozeman directs us to the heading of section 405—"Account for *Final* Settlement of Estates of Decedents"—as well as several portions of this and other Probate Code provisions that also include the word "final." *See id.* (emphasis added); TEX. PROB.CODE ANN. §§ 407, 408 (Vernon 2003). From these references, Bozeman posits that orders denominated "final" are necessarily "appealable" orders. Repetition of the word "final" in these several provisions of the Probate Code does not, however, render the order challenged here final and appealable. *See* TEX. GOV'T CODE ANN. § 311.024 (Vernon 2005) (stating that heading "of a title, subtitle, chapter, subchapter, or section," neither limits nor expands meaning of statute); *Dallas County Comm. Coll. Dist. v. Bolton,* 185 S.W.3d 868, 874 (Tex.2005) (applying same).

Applying the principles of *Brittingham-Sada de Ayala* to this case, we conclude that the August 5, 2005 order did not "dispose of all issues in the phase of the proceeding for which it was brought," but "merely set[ ] the stage for the resolution of all proceedings" related to distribution of the estate, *see id.,* 193 S.W.3d at 578, 579, specifically, the closing of the estate contemplated by Kornblit's proposed, but as yet unsigned, order.[1]

---

1. Bozeman also contends that the trial court's order was final and appealable on the grounds that the order adjudicated a "substantial right," under the reasoning of this Court's opinion in *Metro. Cas. Ins. Co. v. Foster,* 226 S.W.3d 597, 599 (Tex.App.-Houston [1st Dist.] 2007, no pet.). We disagree and distinguish *Foster,* which did not involve matters pertaining to final settlement of an estate, as here, but an order approving final settlement of a claim against an insurance carrier, incident to an estate of a child whose mother died in a motorcycle accident. *Id.* at 599–600. Although our opinion did not cite *Brittingham-Sada de Ayala v. Mackie,* this

Court applied the test of finality recently reiterated in that case, 193 S.W.3d 575, 578 (Tex.2006)—that an order contemplating further hearings and proceedings is interlocutory—we concluded that the order approving settlement of the wrongful death proceeding contemplated no further proceedings because the order "was a final adjudication" that "conclusively disposed of and was decisive on the issues whether Foster had relinquished all claims against Metropolitan and how much Metropolitan would pay in return." *Id.* at 600. Though we acknowledged the "substantial right" portion of the test of finality, the dispositive test in *Foster* is the one restated in

Accordingly, this Court has no jurisdiction to consider Bozeman's appeal. *See* TEX.R.APP. P. 42.3(a) (authorizing courts of appeal to dismiss, for want of jurisdiction, on its own initiative, after providing 10 days notice to all parties).

## Conclusion

For these reasons, we dismiss the appeal for lack of jurisdiction.

*Brittingham-Sada de Ayala* and applied here, specifically, whether the order challenged concludes a determination or contemplates further action or resolution. *See Brittingham-Sada de Ayala,* 193 S.W.3d at 578.