**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 16, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00092-CV

_____

## IN RE JOHN WILSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Cause No. 04-CPR-018318**

---

## M E M O R A N D U M   O P I N I O N

On January 31, 2011, relator John Wilson filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Susan G. Lowery, presiding judge of County Court at Law No. 3 of Fort Bend County, is acting beyond the court's plenary power over a judgment signed April 26, 2005 in the underlying probate case. Relator asks that we order the trial court to refrain from modifying or vacating the 2005 judgment in the underlying case, enforce the judgment, and dismiss an application to declare heirship filed by another purported heir.

The underlying case concerns the estate of Odean Jones, who has been missing since 2000, and was presumed to be dead. Odean's wife, Renita, died in 2002. Odean and Renita had no children. Relator is an administrator of Renita's estate, and he applied to probate Odean's 1996 will on March 25, 2004. Three of Odean's siblings or half-siblings intervened in the case. Shortly before trial, the parties reached an agreement, and the trial court signed an agreed judgment on April 26, 2005.

The 2005 judgment reflects the parties' agreement that the date of Odean's death would be deemed to be January 5, 2010, unless Odean entered an appearance in the action before December 4, 2009. The will would then be admitted to probate on January 5, 2010, and the previously appointed receiver, in lieu of an executor under the will, would make distributions of the estate. The first distribution was January 5, 2010, and distributions were to continue monthly until July 22, 2011. The receiver, guardian ad litem, and attorney ad litem were to submit fee requests, and after the amounts to be paid were determined, the receiver was to make a final distribution. The 2005 judgment expressly states:

> This Court shall retain jurisdiction over this case to resolve any issues that might arise and to determine the award of any fees or expenses to the Receiver, Kornblit [the guardian ad litem] and/or Tate [the attorney ad litem]. This Court shall retain jurisdiction until the Court enters a final order that discharges the Receiver, Kornblit, and Tate and closes this case.

A later supplemental order required the receiver to file a final inventory by September 15, 2011. The supplement again stated, "This Court retains jurisdiction — as the Judgment provides — to resolve any issues that may arise before the closing of this case." Odean never made an appearance in the case or in any way demonstrated that he was not deceased. The final distribution of the estate has not been made. No final order discharging the receiver or otherwise closing the estate has been signed.

In March of 2010, another of Odean's half-siblings who was not a party to the agreed judgment filed an application to declare heirship of Odean's estate, alleging that

Odean died intestate because his will had left his entire estate to his wife, with no residual beneficiary, and his wife predeceased him in 2002. Relator filed a motion to require the receiver to make the final distribution and to dismiss the heirship proceeding. The trial court signed a written order denying relator's motion on January 27, 2012, and this proceeding followed.

Relator argues that he is entitled to mandamus relief because the trial court is acting to modify the final judgment entered April 26, 2005, without plenary power. A trial court has plenary power for thirty days after the judgment is signed unless a timely post-judgment motion is filed. *See* Tex. R. Civ. P. 329b. No such motion was filed in this case. A trial court's order signed after the expiration of plenary power is void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

Mandamus relief is proper when a trial court issues an order after the expiration of its plenary power. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008). A relator who demonstrates that the order or judgment challenged is void need not demonstrate that remedy by appeal is inadequate. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000).

To be considered a final order in a probate case, in addition to adjudicating a "substantial right," an order must "dispose of all issues in the phase of the proceeding for which it was brought." *Crowson v. Wakeham,* 897 S.W.2d 779, 783 (Tex. 1995). The judgment in this case expressly recites that the trial court retains plenary jurisdiction to consider and resolve other "issues." Thus, the 2005 judgment did not dispose of all issues in the proceeding, but merely "set the stage for the resolution" of the proceeding; therefore, the order is interlocutory. *See DeAyala v. Mackie*, 193 S.W.3d 575, 579 (Tex. 2006). An order that specifies additional actions to be accomplished before closing an estate is not a final order. *See Boseman v. Kornblit,* 232 S.W.3d 261, 264 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing section 405 of the Probate Code, which specifies the steps to be taken in the final settlement of an estate). The trial court retains continuing control over interlocutory orders and has the power to modify or set those orders aside. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993).

We conclude that the trial court retains plenary jurisdiction over the April 26, 2005, judgment in this case. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

4