**In the ESTATE OF Agnes E. SCOTT, a/k/a Agnes Scott, a/k/a Senga Scott, a/k/a Senga E. Scott, Deceased.**

**No. 05–10–01495–CV.**

Court of Appeals of Texas, Dallas.

April 11, 2012.

Evaleen M. Davis, Plano, TX, for Appellant.

Ian Scott, Miami Beach, FL, Kirsten Isensee, Colleyville, TX, Neil Scott, Cave Creek, AZ, for Appellee.

Before Justices MOSELEY, FITZGERALD, and MARTIN RICHTER.

## OPINION

Opinion By Justice FITZGERALD.

In this probate matter, the trial judge signed an order approving a final account of the estate of Agnes E. Scott and authorizing distribution of that estate. Appellant Mark Zimmermann, the dependent administrator of the estate, later filed an amended final account and a motion for relief from the judge's order in which he requested payment of about $10,000 in attorney's fees and accounting fees. The judge denied the motion and Zimmermann appealed. We dismiss the appeal for lack of appellate jurisdiction.

### I. BACKGROUND

The record reflects that Zimmermann filed a final account for the estate in January 2010, an amended final account in April 2010, and a second amended final account in July 2010. On September 27,

2010, the trial judge held a hearing on the second amended final account. Certain expenses were disputed at that hearing. The trial judge orally stated that he would give interested persons two more weeks to submit relevant information, and "anything submitted late will be unacceptable." Two weeks after September 27, 2010, was October 11, which was Columbus Day. On October 13, 2010, the judge signed an order entitled "Order Approving Account for Final Settlement and Authorizing Distribution of Estate." The October 13 order contemplated further activity in the case, including (1) delivery of the property remaining in the estate after payment of debts to "the persons named in the Determination of Heirship," (2) the filing of proper receipts after the distribution of the estate, and (3) the filing of an application for discharge of the administrator and for a declaration that the estate is closed. The record contains no indication that any of these events have taken place.

Zimmermann filed a third amended final account, which bears a filemark of October 18, 2010, and contains no certificate of service. Therein he requested payment of his attorney's fees in the amount of $6,345 and accounting fees in the amount of $3,550. On October 25, 2010, Zimmermann filed a motion for relief from the October 13 order, again requesting payment of attorney's fees and accounting fees, among other modifications. The judge denied the motion for relief without stating his reasons. Zimmermann appealed.

By letter dated March 8, 2012, we advised the parties of our intention to dismiss the appeal for lack of an appealable order, and we gave the parties ten days to submit briefs demonstrating the propriety of our jurisdiction. We have received no responses from the parties.

## II. ANALYSIS

 Appellate jurisdiction is never presumed and must be affirmatively shown by the record. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex.App.-Dallas 2009, no pet.). Under the probate code, final orders of a court exercising probate jurisdiction are appealable to the courts of appeals. TEX. PROB.CODE ANN. § 5(g) (West 2003).[1] In probate cases, it is possible to have more than one final, appealable order. *de Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex.2006). To determine whether a probate order is final and appealable, we consider whether the order adjudicates a substantial right and whether it disposes of all issues in the particular phase of the proceeding. *See id.; In re Guardianship of Miller*, 299 S.W.3d 179, 193 (Tex.App.-Dallas 2009, no pet.) (en banc). An order that merely sets the stage for the resolution of proceedings is interlocutory and not appealable. *de Ayala*, 193 S.W.3d at 579.

 The Houston First Court of Appeals has held that a probate order approving an account for final settlement is not a final, appealable order. *Bozeman v. Kornblit*, 232 S.W.3d 261, 262 (Tex.App.-Houston [1st Dist.] 2007, no pet.). An order approving an account for final settlement of a decedent's estate is but an intermediate step towards the closing of the estate. *See id.* at 263–64 (discussing section 405 of the probate code). The particular order involved in *Bozeman* specified additional actions that had to occur before the estate could be closed, such as the payment of attorney's fees awarded by separate order, the delivery of property to the heirs in accordance with a prior judgment of heirship, and the filing of a proper application for closure of the estate. *Id.* at 264. The record further showed that the

---

1. Section 5(g) was repealed after the notice of appeal was filed in this case. *See* Act of May 29, 2011, 82d Leg., R.S., ch. 1338, § 1.42(b), 2011 Tex. Sess. Law Serv. 3884, 3905 (West).

administrator had filed a proposed application to close the estate that had not been ruled upon by the trial judge. *Id.* The court of appeals concluded that the order approving account for final settlement of the estate merely set the stage for the resolution of the proceeding, that being the closure of the estate itself. *Id.* Accordingly, the court held that the order was interlocutory, and it dismissed the appeal for lack of appellate jurisdiction. *Id.* at 265.

We conclude that *Bozeman* is well reasoned and apply its logic to the similar facts of this case. The principal order in question is the October 13, 2010 order approving account for final settlement and authorizing distribution of the estate. The order specifies that additional steps must take place before the estate will be closed, including the distribution of estate property pursuant to a determination of heirship and the filing of proper receipts and an application for discharge of the administrator and closure of the estate. As in *Bozeman*, this order merely sets the stage for a further resolution of the proceeding and is not appealable. An additional order is present in this case, namely the November 8, 2010 order denying the administrator's motion for relief from the October 13 order, but the November 8 order simply leaves the October 13 order unmodified. It does not affect the October 13 order's finality. There is no indication in the record that the final resolution of the proceeding as specified by the October 13 order has taken place. Accordingly, there is no final, appealable order, and we must dismiss for lack of appellate jurisdiction. *See* TEX.R.APP. P. 42.3(a) (authorizing courts of appeals to dismiss for lack of jurisdiction sua sponte after providing the parties with ten days' notice); *Bozeman*, 232 S.W.3d at 264–65.

### III. DISPOSITION

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.