

**NUMBER 13-13-00202-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE ESTATE OF KIMBERLY KRISTEN WADDELL, DECEASED

---

**On appeal from the County Court at Law No. 3
of Cameron County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Perkes
Memorandum Opinion Per Curiam**

Appellants, Ian Anderson and Eric Anderson attemped to perfect an appeal from an "Order Approving Annual Account and Authorizing Expenditures" signed on January 22, 2013, in cause no. 2008-CPC-00093-C. Upon review of the documents before the Court, it appeared that it is not an appealable order.

On March 19, 2013, the Clerk of this Court notified appellants of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellants were advised that, if the defect was not corrected within ten days from

the date of receipt of the notice, the appeal would be dismissed for want of jurisdiction. Appellants failed to respond to the Court's notice.

In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* at 192. However, not every interlocutory order in a probate case is appealable.

A probate order approving an account for final settlement is not a final, appealable order. *Bozeman v. Kornblit*, 232 S.W. 3d 261, 262 (Tex. App.—Houston [1st Dist.] 2007, no pet.). An order approving an account for final settlement of a decedent's estate is but an intermediate step towards the closing of the estate. *See id.* at 263-64. In the instant case, the "Order Approving Annual Account and Authorizing Expenditures" is an intermediate step towards the closing of the estate and is not appealable.

The Court, having considered the documents on file and appellants' failure to correct the defect in this matter, is of the opinion that there is no final appealable order, and we must dismiss for want of appellate jurisdiction. Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Delivered and filed the
9th day of May, 2013.

2