

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00400-CV

ESTATE OF DAVID RICHARD
TACKE, DECEASED

----------

FROM THE COUNTY COURT AT LAW OF HOOD COUNTY
TRIAL COURT NO. P06982

----------

## MEMORANDUM OPINION[1]

----------

Appellants Larry Swingle (Larry) and Sandra Swingle (Sandra), as Independent Co-Executors of the Estate of David Richard Tacke (collectively, the co-executors), attempt to appeal from the trial court's order granting Appellee Roger Tacke's (Roger) motion for partial summary judgment. Roger has filed a

---

[1]See Tex. R. App. P. 47.4.

motion to dismiss the appeal for want of jurisdiction, claiming that the trial court's order granting his motion for partial summary judgment is interlocutory. Alternatively, Roger asks us to dismiss the appeal on the ground that the co-executors' notice of appeal is defective. For the reasons set forth below, we will grant the motion to dismiss the appeal for want of jurisdiction.

**Background**

David Richard Tacke (the decedent) died on January 19, 2012, and was survived by three children, David Richard Tacke II a/k/a David Christian (David, Jr.), Roger, and Sandra. The decedent's will was admitted to probate on February 8, 2012, and Sandra and her husband Larry were appointed as independent co-executors of the decedent's estate. The decedent's will provided that after the decedent's personal effects were distributed equally to David, Jr., Roger, and Sandra and all debts, expenses, and death taxes were paid, the residuary estate was to be distributed as follows: (1) thirty-five percent to Sandra; (2) thirty percent to David, Jr.; and (3) thirty-five percent to Roger. The will specifically provided that Roger's share of the residuary estate would include the decedent's interest in a ranch located in Tolar, Hood County, Texas, and all of the decedent's interest in a promissory note dated July 31, 2001, in the original principal amount of $279,056 given to the decedent by Roger and his wife in partial payment for the purchase of a one-half interest in the ranch from the decedent.

The co-executors conveyed the decedent's interest in the ranch to Roger in October 2012. In August 2013, the co-executors made a partial cash distribution of $3,000,000 from the estate to Sandra, David, Jr., and Roger, with Sandra receiving $1,470,000, David, Jr. receiving $1,260,000, and Roger receiving $270,000. In calculating Roger's share of the cash distribution, the co-executors valued the decedent's interest in the ranch at $1,200,000.[2] Roger contended the interest should have been valued at $780,000.[3]

In December 2013, Roger filed a motion to remove the co-executors. *See* Tex. Est. Code Ann. § 404.0035(b) (West 2014). Roger alleged the co-executors breached their fiduciary duties of loyalty and competency by (1) failing and refusing to use the $780,000 valuation when calculating the beneficiaries' shares of the residuary estate, which deprived him of his full thirty-five percent share and increased Sandra's and David, Jr.'s shares; (2) making distributions to a nonbeneficiary of cash and personal property; (3) distributing assets to

---

[2]An appraiser hired by the co-executors determined that the fair market value of the ranch was $2,400,000 as of the decedent's date of death.

[3]The co-executors hired another appraiser to determine the extent to which the value of the decedent's interest in the ranch could be properly discounted to minimize the estate's tax liability. This appraiser determined that a undivided interest discount of thirty-five percent was proper because as of the date of his death, the decedent owned fifty percent of the ranch and the ranch's condition "limit[ed] an undivided interest owner's ability or right to partition his part out of the whole." Thus, the co-executors reported the value of the decedent's interest in the ranch as $780,000 on the inventory, appraisement, and list of claims filed for the estate and on the Form 706 United States Estate (and Generation-Skipping Transfer) Tax Return filed with the Internal Revenue Service.

3

themselves and selling the remainder of the assets without permitting the other beneficiaries the opportunity to select assets for their share of the personal property division; (4) failing to properly maintain the ranch prior to conveying it to Roger; (5) failing to properly insure estate property; and (6) using estate assets to pay personal legal fees. Roger further alleged that the co-executors were incapable of performing their fiduciary duties because of material conflicts of interest and hostility towards Roger.

In July 2014, the co-executors filed a petition for declaratory judgment and judicial discharge, seeking (1) a declaration that the $1,200,000 undiscounted fair market value of the decedent's interest in the ranch should be used in calculating Roger's share of the residuary estate rather than the $780,000 discounted value used for federal estate tax purposes and (2) an order from the court discharging them from any liability involving matters related to their past administration of the estate that had been fully and fairly disclosed. *See* Tex. Est. Code Ann. § 405.003 (West 2014); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.004(a), .005(2), (3) (West 2015).

Roger and the co-executors filed cross-motions for partial summary judgment seeking a determination of the value of the decedent's interest in the ranch to be used in calculating each beneficiary's share of the residuary estate. The trial court signed an order on December 3, 2014, granting Roger's motion and ordering that the value of the decedent's interest to be used "in calculating the pro rata distribution of the respective shares of the residuary of the

4

[estate] . . . to the beneficiaries" was $780,000. In a letter dated December 4, 2014, the trial court denied the co-executors' motion.

On December 22, 2014, the co-executors filed a notice of appeal challenging the order granting Roger's motion for summary judgment. The co-executors amended their notice of appeal on January 27, 2015, to include a challenge to the trial court's December 4, 2014 letter ruling denying their motion for summary judgment.

## Applicable Law

The general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Typically, a judgment is not final for purposes of appeal unless the judgment disposes of all pending parties and claims in the record. *Id.* However, one of the statutory exceptions to this general rule exists in probate cases. *See* Tex. Est. Code Ann. § 32.001(c) (West 2014); *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006); *Crowson v. Wakeham*, 897 S.W.2d 779, 781 (Tex. 1995). Section 32.001(c) of the estates code provides that "[a] final order issued by a probate court is appealable to the court of appeals." Tex. Est. Code Ann. § 32.001(c). Probate proceedings inherently consist of a continuing series of events in which the probate court may make decisions at various points in the administration of an estate on which later decisions will be based. *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). The need to review controlling, intermediate decisions before an error can harm later

5

phases of the proceeding justifies modifying the one final judgment rule with respect to probate cases. *Id.* To determine whether an order is final under section 32.001(c) and therefore appealable, the supreme court has promulgated the following test:

> If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson*, 897 S.W.2d at 783; *see also De Ayala*, 193 S.W.3d at 578 (reaffirming the *Crowson* test for finality). An order that merely sets the stage for the resolution of proceedings is interlocutory and not appealable. *De Ayala*, 193 S.W.3d at 579; *In re Estate of Scott*, 364 S.W.3d 926, 927 (Tex. App.—Dallas 2012, no pet.).

### Application

To apply either part of the *Crowson* test, we must first identify the phase of the probate proceeding at issue. *In re Estate of Wilson*, No. 02-06-00075-CV, 2006 WL 2986566, at *2 (Tex. App.—Fort Worth Oct. 19, 2006, no pet.) (mem. op.). Roger contends that the partial summary judgment was rendered as part of the proceeding on his motion to remove the co-executors. The co-executors contend that the partial summary judgment was rendered as part of the proceeding on their request for declaratory judgment, not as part of the proceedings on Roger's removal action or their request for judicial discharge.

6

Roger responds that the declaratory judgment action is not a discrete phase of the probate proceeding because it is not separate and apart from the co-executors' request for judicial discharge.

We agree with Roger that the declaratory judgment is not a separate proceeding from the co-executors' request for judicial discharge. A declaratory judgment action is the statutorily prescribed procedure for an independent executor to seek a judicial discharge for its past administrative actions. *See* Tex. Est. Code Ann. § 405.003(a). Estates code section 405.003, entitled "Judicial Discharge of an Independent Executor," provides in pertinent part as follows:

(a) After an estate has been administered and if there is no further need for an independent administration of the estate, the independent executor of the estate may file an action for declaratory judgment under Chapter 37, Civil Practice and Remedies Code, seeking to discharge the independent executor from any liability involving matters relating to the past administration of the estate that have been fully and fairly disclosed.

. . . .

(d) On or before filing an action under this section, the independent executor must distribute to the beneficiaries of the estate any of the remaining assets or property of the estate that remains in the independent executor's possession after all of the estate's debts have been paid, except for a reasonable reserve of assets that the independent executor may retain in a fiduciary capacity pending court approval of the final account. The court may review the amount of assets on reserve and may order the independent executor to make further distributions under this section.

*Id.* § 405.003(a), (d). Concurrent with the filing of their request for judicial discharge, except for a reasonable reserve of assets, the co-executors distributed the estate's remaining assets to the beneficiaries. In their request for

7

judicial discharge, the co-executors stated that prior to distributing the reserve, the court needed to resolve Roger's complaints about the co-executors' administration of the estate, as well as the value of the decedent's interest in the ranch so that the co-executors could calculate how much of the reserve to distribute to Roger to satisfy his share of the residuary estate. A determination of the value of the decedent's interest in the ranch was essential to the resolution of Roger's complaints regarding the administration of the estate and to the trial court's determination of whether to discharge the co-executors' from liability involving matters relating to the past administration of the estate and its decision to order the co-executors to make further distributions to Roger from the reserve of assets. Thus, we conclude that the declaratory judgment action was a part of the judicial discharge proceeding and not a separate phase of the probate proceeding. We further conclude that the partial summary judgment may logically be considered part of both the proceeding on the removal action and the judicial discharge action because it resolved the issue regarding the value of the decedent's interest in the ranch, an issue that is part of both proceedings.

Roger and the co-executors agree—and we agree—that there is no statute declaring the partial summary judgment at issue here to be final and appealable. Accordingly, it is necessary that we move on to the second part of the *Crowson* test and inquire into whether one or more of the pleadings that is part of the removal action and the judicial discharge action raises issues or

8

parties not disposed of by the trial court's order. *See Crowson*, 897 S.W.2d at 783.

As outlined above, Roger sought to remove the co-executors on numerous grounds, including improper distributions based upon the $1,200,000 valuation of the ranch. The summary judgment did not address any of Roger's other grounds for removal nor did it remove the co-executors.[4] Thus, it is interlocutory. *See Young v. First Cmty. Bank, N.A.*, 222 S.W.3d 454, 459 (Tex. App—Houston [1st Dist.] 2006, no pet.) (holding order in removal action awarding attorney's fees but not removing independent executor was interlocutory because the relief granted constituted only partial disposition of the requested relief); *cf. In re Estate of Washington*, 262 S.W.3d 903, 905 (Tex. App.—Texarkana 2008, no pet.) ("Appeal of an order removing an estate administrator is proper because the order brings to a conclusion a discrete phase of the probate proceeding."). The partial summary judgment also did not dispose of the co-executors' request for judicial discharge as the co-executor's request remains outstanding. Therefore, it is interlocutory in that phase of the probate proceedings as well.

Because both the removal motion and the motion for judicial discharge raise issues not disposed of by the partial summary judgment, we hold that, under the *Crowson* test, the partial summary judgment order is interlocutory. We

---

[4]At the time Roger filed his motion to dismiss the appeal, his motion to remove the co-executors was set for hearing on February 17, 2015. The trial court has informed us that the hearing did not take place.

therefore grant Roger's motion to dismiss and dismiss the appeal for want of jurisdiction.[5]  *See* Tex. R. App. P. 42.3(a), 43.2(f).


/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER, and WALKER, JJ.

DELIVERED:  April 2, 2015

---

[5]Roger also asked us to dismiss the appeal because the co-executors' December 22, 2014 notice of appeal did not name all of the parties to the judicial discharge proceeding and the co-executors failed to serve those parties with the notice of appeal.  *See* Tex. R. App. P. 25.1(d)(5) (requiring the notice of appeal to state the name of each party filing the notice), (e) (requiring the notice of appeal to be served on all parties to the trial court's final judgment), 42.3(c) (allowing an appellate court to dismiss an appeal for appellant's failure to comply with the rules of appellate procedure).  We dismiss Roger's alternative grounds for dismissal as moot.