Opinion issued June 21, 2007



 



 



In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-05-01066-CV

____________


KIMBERLY BOZEMAN, Appellant


V.


SUZANNE KORNBLIT, SUCCESSOR ADMINISTRATOR 

OF THE ESTATE OF REIN HENDERSON, DECEASED, Appellee






On Appeal from County Court at Law No. 4

Fort Bend County, Texas

Trial Court Cause No. 17132 





O P I N I O N


 Appellant, Kimberly Bozeman, challenges the "Order Approving Account for
Final Settlement," which was signed by the trial court on August 5, 2005, upon the
motion of appellee, Suzanne Kornblit, Successor Administrator of the Estate of Rein
Henderson, Deceased. 

 On March 14, 2007, we issued an order notifying the parties that it appeared
to this Court that we lacked jurisdiction to entertain this appeal because the August
5, 2005 order did not appear to be final or appealable. See Tex. R. App. P. 42.3(a)
(authorizing courts of appeal to dismiss, for want of jurisdiction, on its own initiative,
after providing 10 days notice to all parties). Our order relied on Tex. Prob. Code
Ann. § 5(g) (Vernon Supp. 2006-2007) and the supreme court's recent opinion in
Brittingham Sada De Ayala v. Mackie, 193 S.W.3d 575, 578 (Tex. 2006) (citing
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001)). By the same order,
we requested that appellant request and pay for, and the district clerk file, within ten
days, a supplemental clerk's record demonstrating that this Court has jurisdiction. 

 No supplemental clerk's record has been filed, but Bozeman has filed a
supplemental brief regarding jurisdiction, to which Kornblit has filed a reply. 
Bozeman contends that this Court may properly exercise jurisdiction. Kornblit
replies that we lack jurisdiction pursuant to DeAyala. We agree with Kornblit. 

Discussion


 Parties may appeal only from a final judgment as a general rule. Brittingham
Sada De Ayala, 193 S.W.3d at 578 (citing Lehmann, 39 S.W.3d at 195); but see Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon Supp. 2006) (listing
interlocutory orders that are appealable). 

 Consistent with these principles, the Probate Code states that "[a]ll final orders
of any court exercising original probate jurisdiction shall be appealable to the courts
of appeals." Tex. Prob. Code Ann. § 5(g) (emphasis added). The Probate Code
does not clarify, however, what constitutes a "final" and, therefore, "appealable,"
judgment or order for purposes of section 5(g), although some code provisions
specify that certain orders are final and appealable, as for example, a judgment that
determines heirship, e.g., Tex. Prob. Code Ann. § 55(a) (Vernon 2003). Probate
orders that are appealable on a "discrete issue" during the pendency of a probate
proceeding, which may entail several such "final" orders, are exceptions, therefore,
to the "one final judgment" rule. See Brittingham Sada De Ayala, 193 S.W.3d at 578
(citing Lehmann, 39 S.W.3d at 192); Young v. First Comm. Bank, No. 01-05-00910-CV 2006 WL at *3 (Tex. App.--Houston [1st Dist.] Oct. 20, 2006, no pet.) (noting
that there may be but "one final judgment rendered in any cause," pursuant to rule
301, except when "specially provided by law") (citing Tex. R. Civ. P. 301). 

 But, not every interlocutory order in a probate case is appealable. As the
supreme court noted in Brittingham Sada De Ayala, "determining whether an
otherwise interlocutory probate order is final enough to qualify for appeal, has proved
difficult." 193 S.W.3d at 578. Acknowledging not only the "inherent" difficulty of
establishing an appropriate test for finality, but also the "ambiguities . . ." of
precedents that attempted to establish a test, the Brittingham Sada De Ayala court
reiterated that severance may ensure finality and, thus, appealability in a proper case. 
Id. at 578 (citing and quoting Crowson v. Wakeham, 897 S.W.2d 779, 783 (Tex.
1995)). In Brittingham Sada De Ayala, as here, however, no severance was sought. 
Id. 

 In determining the finality question in Brittingham Sada De Ayala, the court
reiterated the Crowson court's concern that the "substantial right" test, pursuant to
which orders that adjudicated a substantial right were deemed appealable, lacked
ascertainable parameters and thus proved a "fruitful source" of litigation. Id. (citing
Crowson, 897 S.W.2d at 783). Though adjudication of a substantial right remains a
properly considered factor, an "equally important" factor is the requirement that the
challenged order "dispose of all issues in the phase of the proceeding for which it was
brought." Id. (citing Crowson, 897 S.W.2d at 782-83). Accordingly, 

 [i]f there is an express statute, such as the one for the complete heirship
judgment, declaring the phase of the probate proceedings to be final and
appealable, that statute controls. Otherwise, if there is a proceeding of
which the order in question may logically be considered a part, but one
or more pleadings also part of that proceeding raise issues or parties not
disposed of, then the probate order is interlocutory. 


Id. (quoting Crowson, 897 S.W.2d at 783). Under this test, as reiterated in
Brittingham Sada De Ayala, an order that merely "sets the stage" for further
resolution, is interlocutory and not appealable. Id. at 579.

 The trial court issued the order challenged here pursuant to section 405 of the
Probate Code, which governs approval of final settlement of decedent estates. See
Tex. Prob. Code Ann. § 405 (Vernon 2003). The statute does not expressly
authorize an appellate challenge, see id., but provides some guidance in determining
the finality of the order challenged here. Section 405 provides an extensive listing
of the matters that must be addressed in the account for final settlement when
"administration of the estate of a decedent is to be settled and closed." See id.
(emphasis added). Bozeman's contention that the order is final ignores that section
405 requires these multiple steps before final settlement and closing of the estate
envisioned by the statute can be achieved. See id. § 405. 

 Section 405 requires not only the description contemplated by the order
challenged here, but also disposition of all estate property and payment of all debts,
to the extent this can be done, in order that the estate may "be settled and closed." 
See id. (1)-(10) (emphasis added).

 The record in this appeal does not establish that the August 5, 2005 order is a
final order because the order itself specifies additional actions that are to be
accomplished in order to achieve not only final settlement, but also closing of the
estate. Specifically, the order contemplates (1) payment of attorney fees awarded
under separate order, (2) delivery of all property and funds belonging to the heirs in
accordance with the trial court's judgment of heirship signed on April 25, 2005, and
also (3) the "filing of a proper Application and Order to Close Estate verifying receipt
of such funds" by the heirs, all of which had not occurred on August 5, 2005, when
the trial court signed the challenged order. 

 Moreover, the record further reflects that appellee Kornblit had actually
submitted to the trial court a proposed application to close the estate. By this
document, Kornblit confirmed that all funds had been paid to the heirs, provided a
recapitulation of disbursed funds, and, in addition, provided a proposed order to close
the estate. See Tex. Prob. Code Ann. § 405. Kornblit's proposed order to close the
estate remains pending and was never signed. Accordingly, the final action
contemplated by section 405--closing the estate--has not yet occurred. 

 In the supplemental brief submitted in response to this Court's March 14, 2007
order, Bozeman directs us to the heading of section 405--"Account for Final
Settlement of Estates of Decedents"--as well as several portions of this and other
Probate Code provisions that also include the word "final." See id. (emphasis added);
Tex. Prob. Code Ann. §§ 407, 408 (Vernon 2003). From these references, Bozeman
posits that orders denominated "final" are necessarily "appealable" orders. Repetition
of the word "final" in these several provisions of the Probate Code does not, however,
render the order challenged here final and appealable. See Tex. Gov't Code Ann.
§ 311.024 (Vernon 2005) (stating that heading "of a title, subtitle, chapter,
subchapter, or section, neither limits nor expands meaning of statute); Dallas County
Comm. Coll. Dist. v. Bolton, 185 S.W.3d 868, 874 (Tex. 2005) (applying same). 

 Applying the principles of Brittingham Sada De Ayala to this case, we
conclude that the August 5, 2005 order did not "dispose of all issues in the phase of
the proceeding for which it was brought," but "merely set[] the stage for the
resolution of all proceedings" related to distribution of the estate, see id., 193 S.W.3d
at 578, 579, specifically, the closing of the estate contemplated by Kornblit's
proposed, but as yet unsigned, order. (1) 

 Accordingly, this Court has no jurisdiction to consider Bozeman's appeal. See
Tex. R. App. P. 42.3(a) (authorizing courts of appeal to dismiss, for want of
jurisdiction, on its own initiative, after providing 10 days notice to all parties). 


Conclusion


 For these reasons, we dismiss the appeal for lack of jurisdiction. 




 Sherry Radack


 Chief Justice



Panel consists of Chief Justice Radack and Justices Jennings and Bland. 


1. Bozeman also contends that the trial court's order was final and appealable on the
grounds that the order adjudicated a "substantial right," under the reasoning of this
Court's opinion in Metro. Cas. Ins. Co. v. Foster, No. 01-03-01076-CV, 2007 WL
274185 at *2 (Tex. App.--Houston [1st Dist.] Feb. 1, 2007, no pet.). We disagree
and distinguish Foster, which did not involve matters pertaining to final settlement
of an estate, as here, but an order approving final settlement of a claim against an
insurance carrier, incident to an estate of a child whose mother died in a motorcycle
accident. Id. at *1-2. Although our opinion did not cite Brittingham Sada De Ayala
v. Mackie, this Court applied the test of finality recently reiterated in that case, 193
S.W.3d 575, 578 (Tex. 2006)--that an order contemplating further hearings and
proceedings is interlocutory--we concluded that the order approving settlement of the
wrongful death proceeding contemplated no further proceedings because the order
"was a final adjudication" that "conclusively disposed of and was decisive on the
issues whether Foster had relinquished all claims against Metropolitan and how much
Metropolitan would pay in return." Id. at *3. Though we acknowledged the
"substantial right" portion of the test of finality, the dispositive test in Foster is the
one restated in Brittingham Sada De Ayala and applied here, specifically, whether the
order challenged concludes a determination or contemplates further action or
resolution. See Brittingham Sada De Ayala, 193 S.W.3d at 578.