**GENERAL ELECTRIC COMPANY,**
Appellant,

v.

**DUCANE HEATING CORPORATION**
et al., Appellees.

No. 1722.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 18, 1978.

Rehearing Denied Feb. 8, 1978.

**48**

Louis Seymour Zimmerman, Osborne J. Dykes, III, Fulbright & Jaworski, Houston, for appellant.

William R. Powell, Jr., Houston, for appellees.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a take-nothing judgment on a cross-action for breach of a contractual duty to defend.

General Electric Company (G. E. or appellant) executed a sales contract with Ducane Heating Corporation (Ducane) in 1966. Pursuant to that contract, Ducane agreed to sell, and G. E. agreed to buy, horizontal gas furnaces manufactured by Ducane. The furnaces contained controls manufactured by Honeywell, Inc. (Honeywell).

Oyce M. Thomas and Effie Thomas (the Thomases) purchased a new home in Houston, Texas in October 1968. The home contained a horizontal furnace that had been manufactured by Ducane, bore Honeywell controls, and was sold by G. E. The home was extensively damaged by fire in November 1968, approximately three days after the Thomases had taken possession of it. In October 1970, the Thomases sued Honeywell, Ducane, G. E., the builder of the home, and the company that installed the horizontal furnace, alleging that the fire was caused by the defective design, manufacture, assembly and installation of the furnace.

Ducane and its liability insurer, Argonaut Insurance Company (Argonaut), both appellees herein, undertook in 1971 to defend G. E. against the lawsuit brought by the Thomases. The appellees defended G. E. pursuant to an indemnity provision contained in the 1966 contract between Ducane and G. E. The appellees' defense of G. E. continued until September 15, 1975, five months after the Thomases filed their third amended petition. G. E. subsequently filed a cross-action against the appellees for indemnity and for legal costs incurred in defending the action brought by the Thomases. All claims in the proceedings were settled prior to the time of trial, except for G. E.'s cross-action against the appellees for legal defense costs. The court rendered

judgment for the appellees at the conclusion of a nonjury trial.

In its first two points of error, G. E. contends that the trial court erred in failing to conclude that Ducane had a contractual duty to defend G. E. and that G. E. is entitled to recover damages resulting from Ducane's breach of that duty after September 15, 1975. The indemnity provision of the 1966 contract that forms the basis for G. E.'s claim provides:

"Section 18, *Indemnity and Insurance* —Up to a maximum of one million dollars ($1,000,000), *SELLER agrees to indemnify and hold harmless PURCHASER* and its distributors, dealers, subsidiaries and affiliates *against any and all claims, expenses, demands, damages, causes of action, losses or liabilities and choses in action for* bodily injury (including death arising therefrom), or *accidental injury to or destruction of property (including the loss of use thereof), which arise in any way, for any reason,* and at any time, during the term of this agreement or thereafter, *out of the handling, distribution or sale by PURCHASER,* its distributors, dealers, subsidiaries or affiliates, *of the furnaces sold hereunder, and are due to either (1) any failure by SELLER to comply with any of the terms of this agreement or* (2) any failure of the furnaces sold hereunder or pursuant hereto to comply with applicable specifications (agreed upon in writing by the parties) or *(3) the negligence of SELLER.*

\*   \*   \*   \*   \*   \*

"*SELLER agrees also to defend at its sole expense any litigation instituted against PURCHASER which in any way arises at any time* whether during the term of this agreement or thereafter, *out of one or more of the claims relating to any of the matters mentioned in the first paragraph* of this SECTION 18. . ." (emphasis added).

The appellees admit that Ducane was obligated, under the first and third conditions of the indemnity provision, to defend G. E. against the allegations contained in the Thomases' original petition, first amended petition, and second amended petition. The appellees argue, however, that the Thomases' third amended petition, unlike their previous petitions, did not allege facts sufficient to support findings that the property damage was "due to either (1) any failure by [Ducane] to comply with any of the terms of [the 1966] agreement or . . . (3) the negligence of [Ducane]."

■ One of the terms of the 1966 agreement between Ducane and G. E. was Ducane's warranty that the furnaces would "be suitable for their intended purposes." The appellees contend that their obligation to defend G. E. was terminated by the Thomases' allegation in the third amended petition that defective Honeywell controls caused the fire. The appellees rely upon language in the 1966 agreement, whereby Ducane excluded nearly all warranties relating to furnace controls. At trial, Ducane tendered evidence that tended to show that the controls on the Thomases' furnace were defective, and counsel for Ducane and G. E. stipulated that two witnesses testified in depositions that the controls could have been defective. The appellees assert that "[b]y the time of [the Thomases'] Third Amended Petition . . . it was obvious to everyone the [Thomases were] relying on an alleged defective HONEYWELL control valve," and that a defect in the Honeywell controls was indeed the factual cause of the fire. The appellees contend, therefore, that the warranty disclaimer regarding controls relieved Ducane of its duty to defend G. E., even though the property damage was caused by Ducane's breach of its warranty that the furnace was suitable for its intended purpose.

■ We reject that contention. Implicit in the Thomases' general allegation that Ducane sold the furnace in a defective condition was their allegation that the furnace was unreasonably dangerous to the Thomases and unsuitable for its intended purpose. The Thomases' allegation, in their third amended petition, that the property damage was caused by defective Honeywell controls was made "[i]n the alternative and without waiving the above-alleged general

defect . . .." The alternative pleading regarding the controls did not constitute an admission by the Thomases that there was no other defect in the furnace or that another defect in the furnace could not have been the sole proximate cause of the property damage. *See Texas General Indemnity Company v. Sheffield,* 439 S.W.2d 431 (Tex.Civ.App.-Houston [14th Dist.] 1969, writ ref'd n.r.e.); Tex.R.Civ.P. 48. Even after they filed their third amended petition, therefore. the Thomases were alleging that the destruction of their home arose out of the handling, distribution, or sale of the furnace by G. E., which furnace was unsuitable for its intended purpose despite Ducane's express warranty to G. E. to the contrary. As a result, the appellees' obligation under the first condition of the indemnity provision contained in the 1966 agreement continued even after the Thomases filed their third amended petition. The appellees breached their duty when they withdrew their defense of G. E. in September 1975.

The judgment of the trial court is hereby reversed, and the case is remanded for a determination of the damages sustained by G. E. as a result of the appellees' breach of their obligation to defend G. E.

Reversed and remanded.