COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-08-187-CV

WILBERT L. CLEWIS, SR.                                      APPELLANT

V.

SAFECO INSURANCE COMPANY                                      APPELLEE
OF AMERICA

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

**OPINION**

------------

**Introduction**

Appellant Wilbert L. Clewis, Sr. appeals the trial court's denial of his motion to vacate the judgment it signed in September 2000. In three related issues, Clewis asserts that the judgment is void because of the parties' failure to comply with statutory and administrative requirements concerning workers' compensation suits. We conclude that the judgment is not void and that Clewis

filed his motion to vacate after the trial court's plenary power expired; we therefore dismiss this appeal for want of jurisdiction.

## Background Facts

In 1999, Clewis filed suit against appellee Safeco Insurance Company of America (Safeco), seeking reversal of a final decision of the Texas Workers' Compensation Commission (TWCC)[1] regarding injuries he suffered in a truck accident during his employment with Allied Waste Industries.[2] In 2000, after the trial court denied Clewis's motion for summary judgment, the TWCC intervened in the suit, asking the trial court to affirm the TWCC's decision.

Later that year, the trial court held a bench trial on the merits of Clewis's claims. At trial, Clewis, Safeco, and the TWCC all appeared and announced

---

[1] In 2005, the legislature renamed the TWCC as the Division of Workers' Compensation of the Texas Department of Insurance. *See Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 656 n.1 (Tex. App.—Dallas 2008, no pet.). Because the events relevant to this appeal occurred before 2005, and for the purposes of simplicity and consistency, we will use the TWCC moniker in this opinion.

[2] Clewis contended that the TWCC incorrectly determined that he had reached maximum medical improvement and that it erred in its determination of his impairment rating. *See Clewis v. Safeco Ins. Co. of Am. & Tex. Workers' Comp. Comm'n*, No. 02-00-00308-CV, slip op. at *1, *18–20 (Tex. App.—Fort Worth Feb. 14, 2002, pet. denied) (not designated for publication). Our opinion in Clewis's previous appeal in this case details the facts of his accident and the history of his administrative and judicial proceedings; thus, we will set forth only a brief summary of the facts in this opinion concerning the issues particularly raised in this appeal.

2

ready.[3] After hearing evidence and argument and after taking the case under advisement, on September 18, 2000, the trial court signed a final judgment affirming the TWCC's administrative decision. Clewis appealed the trial court's judgment; in 2002, we affirmed that judgment. *See Clewis*, No. 02-00-00308-CV, slip op. at *22.

Over five years later, on December 31, 2007, Clewis filed a motion to vacate the judgment with the trial court, contending that it is void because the parties failed to follow statutory and administrative procedures relating to the TWCC's right to notice of the proposed judgment. *See* Tex. Lab. Code Ann. § 410.258 (Vernon 2006); 28 Tex. Admin. Code § 147.11 (1996) (TWCC, Notification of Commission of Proposed Judgments and Settlements). In April 2008, after the trial court conducted a brief hearing, it denied Clewis's motion to vacate. Clewis appeals that denial.

## Statutory and Administrative Notice Requirements

Because Clewis's three issues and the notice provisions he relies upon are related, we will consider the issues together. In regard to a suit seeking judicial review of a workers' compensation determination, section 410.258 of the labor code states,

---

[3] These appearances are reflected in the trial court's judgment.

(a)     The party who initiated a proceeding under this subchapter or Subchapter G must file *any proposed judgment or settlement made by the parties to the proceeding*, including a proposed default judgment, with the division not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement.  The proposed judgment or settlement must be mailed to the division by certified mail, return receipt requested.

(b)     The division may intervene in a proceeding under Subsection (a) not later than the 30th day after the date of receipt of the proposed judgment or settlement.

(c)     The commissioner shall review the proposed judgment or settlement to determine compliance with all appropriate provisions of the law.  If the commissioner determines that the proposal is not in compliance with the law, the division may intervene as a matter of right in the proceeding not later than the 30th day after the date of receipt of the proposed judgment or settlement.  The court may limit the extent of the division's intervention to providing the information described by Subsection (e).

(d)     If the division does not intervene before the 31st day after the date of receipt of the proposed judgment or settlement, the court shall enter the judgment or approve the settlement if the court determines that the proposed judgment or settlement is in compliance with all appropriate provisions of the law.

(e)     If the division intervenes in the proceeding, the commissioner shall inform the court of each reason the commissioner believes the proposed judgment or settlement is not in compliance with the law.  The court shall give full consideration to the information provided by the commissioner before entering a judgment or approving a settlement.

(f)     A judgment entered or settlement approved without complying with the requirements of this section is void.

Tex. Lab. Code Ann. § 410.258 (emphasis added); *see id.* § 410.251 (Vernon

2006).  Similarly, title 28, section 147.11 of the administrative code states,

> (a)    The party who requested judicial review under Chapter 410, Subchapter F or G shall file a copy of *any proposed judgment or settlement* with the executive director of the Commission by filing it with the General Counsel of the Commission not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement.  A proposed judgment or settlement must be sent by certified mail return receipt requested.
>
> (b)    The insurance carrier or its representative shall file with the General Counsel of the Commission a copy of a final judgment or settlement not later than the 10th day after *a court approves the agreement or settlement*.
>
> (c)    For suits seeking judicial review filed under Chapter 410, Subchapter F (regarding Judicial Review General Provisions) or Subchapter G (regarding Judicial Review of Issues Regarding Compensability or Income or Death Benefits), on or after September 1, 1997, a judgment or settlement which is not filed with the commission in compliance with subsections (a) and (b) of this section is void.
>
> (d)    A party who violates this section may be subject to an administrative penalty, including a penalty of up to $1,000 pursuant to the Texas Labor Code, § 415.0035 or up to $10,000 pursuant to the Texas Labor Code, § 415.021 for repeated violations.

28 Tex. Admin. Code § 147.11 (emphasis added).

### Analysis

Clewis contends that the parties did not comply with either of the

provisions described above, that the trial court's judgment is therefore void, and

5

that as a result, the court improperly denied his motion to vacate the judgment. Therefore, we must initially decide whether these notice provisions apply to this case because that will determine whether the 2000 judgment is void. Furthermore, we must address our jurisdiction over this appeal, which necessarily first requires us to determine whether the trial court had jurisdiction to vacate its judgment that was affirmed by us five years earlier.

**Standard of review**

When deciding issues related to statutory construction, we apply a de novo standard of review, "ascertaining and giving effect to the legislature's intent as expressed by the plain and common meaning of the statute's words." *Wichita County v. Bonnin*, 268 S.W.3d 811, 817 (Tex. App.—Fort Worth 2008, pet. denied); *see Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). We assume that the legislature tried to say what it meant and, thus, that its words are the surest guide to its intent. *Bonnin*, 268 S.W.3d at 817. Every word of a statute is presumed to have been used for a purpose; every word excluded from a statute must also be presumed to have been excluded for a purpose. *Gray v. Nash*, 259 S.W.3d 286, 291 (Tex. App.—Fort Worth 2008, pet. denied).

In ascertaining legislative intent, we do not confine our review to isolated statutory words, phrases, or clauses, but we instead examine the entire act.

6

*Id.* We may also consider the statute's objectives, common law, former law, similar provisions, and the consequences of the statutory construction. *Bonnin*, 268 S.W.3d at 817; *see City of Sunset Valley*, 146 S.W.3d at 642.

**The statutory and administrative requirements' application to the trial court's judgment**

The Austin Court of Appeals recently examined the application of section 410.258 to proposed judgments entered after the completion of adversarial proceedings. *See Tex. Prop. & Cas. Ins. Guar. Ass'n for Petrosurance Cas. Co. v. Brooks*, 269 S.W.3d 645, 648 (Tex. App.—Austin 2008, no pet.). In *Brooks*, the plaintiff (Brooks) filed suit in district court seeking reversal of the TWCC's denial of benefits following his car accident. *Id.* at 647. After Brooks prevailed in summary judgment proceedings, the employer contended on appeal that the trial court's judgment was void because the parties did not comply with section 410.258 by timely submitting the proposed judgment to the TWCC. *Id.* at 647–48. Brooks argued that section 410.258 does not apply to judgments prepared by the trial court following adversarial proceedings and that it instead applies only to judgments resulting from parties' settlement agreements. *Id.* at 648–49; *see* Tex. Lab. Code Ann. § 410.258(a) (applying the requirements of section 410.258 to "any proposed judgment or settlement

7

made by the parties to the proceeding").  The Austin court explained the

contentions of the parties:

> [the employer] contends that because "a judgment" does not
> distinguish between proposed judgments "made by the parties" and
> judgments entered by the trial court that have not been submitted
> by the parties by agreement, the legislature intended for the statute
> to apply to any judgments regardless of whether they are the result
> of agreement or the adversarial process.  Brooks responds that,
> when reading the statute as a whole, the reference to "a judgment"
> in subsection (f) is limited by subsection (a) of the statute.
> He contends that the general language of subsection (f) cannot
> apply to a broader range of judgments than those contemplated by
> subsection (a), which—according to Brooks—applies only to
> proposed judgments "made by the parties."

*Brooks*, 269 S.W.3d at 649.  The Austin court sided with Brooks, holding and

explaining that

> the legislature did not intend that the statute apply to judgments
> entered by the trial court that were not submitted or proposed to
> the court by agreement of the parties or the result of a default by
> the defendant.  The statute was intended to prevent the parties
> from colluding to overturn appeals panel decisions.  It accomplishes
> this purpose by requiring submission of judgments "made" by the
> parties—i.e. judgments proposed to the court by agreement of the
> parties rather than judgments entered as a result of adversarial
> proceedings.  If, however, the statute were to apply to any
> judgment, a strict reading of the statute would require a trial court
> to figure out a way to get the party who initiated the action to
> submit the judgment the court is preparing to enter to the [TWCC]
> for approval thirty days in advance of entry in every case.
>
> . . . .
>
> We conclude that section 410.258 does not require the
> [TWCC] to receive advance notice of every judgment in a

8

proceeding initiated under subchapter F or G of the labor code. Instead, we are of the opinion that the statute requires the [TWCC] to receive notice of proposed judgments "made by the parties"—i.e. without judicial oversight or without fully adversarial proceedings—and settlement agreements made by the parties. This interpretation ensures that the trial court does not sign off on a proposed judgment made or agreed to by the parties before the [TWCC] has been notified and given an opportunity to intervene. Additionally, this interpretation does not place impractical procedural burdens on the trial court or permit a party who initiated the proceeding to avoid or delay entry of an adverse judgment by refusing to submit the judgment to the [TWCC]. This interpretation also gives meaning to the phrase "made by the parties" that is consistent with the purpose of the statute.

*Id.* at 650–51 (footnotes omitted).[4]

We have not expressly considered the issue of section 410.258's application to judgments entered following completion of fully adversarial proceedings. After examining the legislature's intent as expressed in the words of the statute, we agree with the Austin court that section 410.258 applies only to judgments resulting from defaults or parties' agreements or settlements. *See id.* Specifically, like the Austin court, we conclude and hold that the

---

[4] The court recognized that its holding conflicted with an opinion from the El Paso Court of Appeals, which applied section 410.258 to a summary judgment. *Brooks*, 269 S.W.3d at 651; *see Ins. Co. of Pa. v. Martinez*, 18 S.W.3d 844, 848 (Tex. App.—El Paso 2000, no pet.); *see also S. Ins. Co. v. Brewster*, 249 S.W.3d 6, 12–14 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (likewise applying section 410.258 to a summary judgment). The El Paso court recognized, however, that the purpose of section 410.258 is to "prevent the use of settlement agreements and default judgments to overturn appeals panel decisions." *Martinez*, 18 S.W.3d at 847.

language contained in section 410.258(a)—applying the section to "any proposed judgment or settlement made by the parties to the proceeding, including a proposed default judgment"—expressed the legislature's intention that the TWCC receive notice of judgments made without judicial oversight or without fully adversarial proceedings. *See* Tex. Lab. Code Ann. § 410.258(a); *Brooks*, 269 S.W.3d at 651.[5] We likewise conclude that the related provision of the administrative code applies only to judgments entered apart from completed adversarial proceedings because its terms limit the provision to a

---

[5] Our conclusion is strengthened by legislative history. The senate research center's analysis of the bill creating section 410.258 explained its purpose:

Chapter 410 of the Labor Code currently allows insurance carriers engaged in a workers' compensation lawsuit to settle their case and then claim that the settlement agreement reverses or modifies an appeals panel decision awarding benefits. Carriers also use judgments based on default or on an agreement of the parties to accomplish the same end. Additionally, carriers sometimes attempt to use these settlement agreements and judgments to seek reimbursement through the Subsequent Injury Fund for any benefits they may have provided to a claimant. This proposed legislation prevents both of these practices.

. . . .

[The bill] would prevent the use of settlement agreements, and judgments based on default or on an agreement of the parties, to overturn appeals panel decisions.

Senate Research Ctr., Bill Analysis, Tex. H.B. 3137, 75th Leg., R.S. (1997).

10

"proposed judgment or settlement" and to a court's approval of an "agreement or settlement." 28 Tex. Admin. Code § 147.11(a), (b); *see Cheatum v. Tex. Workers' Comp. Comm'n*, No. 05-98-00846-CV, 2001 WL 100194, at *2 (Tex. App.—Dallas Feb. 7, 2001, no pet.) (not designated for publication) ("In the case at bar, no agreement or settlement was reached; therefore, [section] 147.11 does not apply.").

As described above, the trial court's judgment in this case followed a contested trial in which Clewis, Safeco, and the TWCC all made appearances and participated in the trial. Thus, we conclude that neither section 410.258 of the labor code nor title 28, section 147.11 of the administrative code apply to the judgment and that it is therefore not void.

### Jurisdiction

When the trial court loses plenary power over a judgment, it also generally lacks the authority to vacate the judgment. *See* Tex. R. Civ. P. 329b(f); *DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.) (explaining that "plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment is limited to a maximum of one hundred and five days after the judgment is signed"). Proceedings related to the trial court's judgment after its plenary power has expired are generally beyond the trial court's jurisdiction. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998)

11

(orig. proceeding); *Coleman v. Sitel Corp.*, 21 S.W.3d 411, 413 (Tex. App.—San Antonio 2000, no pet.) (holding that after the trial court's plenary power expired, the court had no jurisdiction to change or vacate its judgment); *Moore v. Brown*, 993 S.W.2d 871, 874 (Tex. App.—Fort Worth 1999, pet. denied) (stating that once "a trial court's plenary power has expired, it has no jurisdiction to modify or change its original judgment except by bill of review"); *see also State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity."). Here, the trial court entered its final judgment in September 2000; its plenary power to change or vacate the judgment had therefore expired well before Clewis filed his motion to vacate. *See generally* Tex. R. Civ. P. 329b; *DeGroot*, 260 S.W.3d at 662.

We are without jurisdiction to review a motion to vacate filed in the trial court after that court's plenary power has expired. *See Shackelford v. Barton*, 156 S.W.3d 604, 607 (Tex. App.—Tyler 2004, pet. denied) (explaining that an "untimely motion to set aside a judgment provides no basis for consideration on appeal"); *Zarate v. Sun Operating Ltd.*, 40 S.W.3d 617, 623 (Tex. App.—San Antonio 2001, pet. denied); *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex. App.—San Antonio 1996, writ denied) (noting that an "appellate court's jurisdiction extends no further than the jurisdiction of the trial court").

12

Because we hold that the trial court's September 2000 judgment is not void[6] and that the trial court did not have plenary power over that judgment when Clewis filed his motion to vacate the judgment in 2007, we accordingly do not have jurisdiction over this appeal, which relates to the proper denial of that motion. *See Shackelford*, 156 S.W.3d at 607; *Bahr*, 928 S.W.2d at 100.

### Conclusion

Having determined that we lack jurisdiction over this appeal, we dismiss the appeal for want of jurisdiction.[7]

TERRIE LIVINGSTON
JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED:  March 19, 2009

---

[6] The Houston [First District] Court of Appeals has held that a trial court's plenary power does not expire when a judgment is void under section 410.258 because a trial court does not have jurisdiction to sign any judgment in violation of that section. *Metro. Transit Auth. v. Jackson*, 212 S.W.3d 797, 803–04 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (concluding that the trial court's judgment, which was based on an agreement of the parties, was void).

[7] *See* Tex. R. App. P. 42.3(a).

13