

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00021-CV

ELIZABETH A. FLACK-BATIE AND
LISA A. BATIE

APPELLANTS

V.

JOHN H. BATIE & JHB CONSULTING,
JOHN J. BATIE, ERIC C. BATIE &
SOUND FACTORY SYSTEMS LLC,
AND U-HAUL CO. OF FORT WORTH

APPELLEES

----------

### FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants filed a notice of appeal on January 4, 2011, purporting to appeal a December 28, 2010 judgment or order of the trial court on a motion to extend post-judgment deadlines. We sent a letter on January 21, 2011, noting our concern that we may not have jurisdiction because there is no final judgment

---

[1]*See* Tex. R. App. P. 47.4.

or order to appeal. We also expressed our concern that we addressed the same issue in our prior dismissal of the parties' appeal. *See Flack-Batie v. Batie*, No. 02-10-00269-CV, 2010 WL 3834653 (Tex. App.—Fort Worth Sep. 30, 2010, no pet.) (mem. op.). We requested that any party desiring to continue the appeal file a response showing grounds for continuing the appeal. In response, Appellants filed an amended notice of appeal on February 8, 2011, appealing the same motion to extend post-judgment deadlines and the July 1, 2010 order dismissing Appellants' motion to reinstate for want of jurisdiction. Appellants also filed in response a "Request for Judicial Notice and Motion for Leave to Reconsider Recall for Good Cause."

As we stated in our January 21, 2011 letter, we previously addressed their motion to reinstate in our dismissal in cause number 02-10-00269-CV. In that dismissal, we noted that the motion was filed out of time. *See* Tex. R. Civ. P. 165a(3), 329b(d); *Flack-Batie*, 2010 WL 3834653, at *1. Appellants' August 3, 2010 notice of appeal was untimely, and Appellants' February 8, 2011 notice of appeal is likewise untimely to the extent Appellants attempt to appeal the trial court's order on their motion to reinstate. *See* Tex. R. App. P. 26.1(a)(3) (providing that a notice of appeal is generally due within thirty days after the judgment is signed but that a timely filed motion to reinstate extends the filing deadline to ninety days after the judgment is signed). This court, therefore, has no jurisdiction to address that order. *See* Tex. R. App. P. 25.1, 26.1 (providing that appellate courts have jurisdiction over timely filed notices of appeal).

In their "Request for Judicial Notice and Motion for Leave to Reconsider Recall for Good Cause," Appellants argue that their motion to reinstate was timely filed and therefore extended the deadline to file a motion to extend post-judgment deadlines. We have held that their motion to reinstate was not timely filed, and thus, the deadline was not extended. *See* Tex. R. App. P. 26.1(a) (stating that the appellate deadline is extended by the *timely* filing of a motion to reinstate). Appellants' motion to extend post-judgment deadlines was filed October 19, 2010, after the trial court's plenary power had expired. *See John v. Marshall Health Servs.*, 58 S.W.3d 738, 741 (Tex. 2001) (holding that a motion to extend post-judgment deadlines under Rule 306a must be filed before the expiration of the trial court's jurisdiction). We are without jurisdiction to review a motion filed in the trial court after that court's plenary power has expired. *See Clewis v. Safeco Ins. Co. of Am.*, 287 S.W.3d 197, 203 (Tex. App.—Fort Worth 2009, no pet.) (noting the appellate court had no jurisdiction over untimely motion filed in the trial court).

Because we have no jurisdiction to address either motion in Appellants' notice of appeal, we deny all pending requests for relief, and we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DELIVERED: April 21, 2011

3