02-10-413-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00021-CV

 

 


 
 
 Elizabeth A. Flack-Batie and Lisa A. Batie
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 John H. Batie & JHB Consulting, John J. Batie,
 Eric C. Batie & Sound Factory Systems LLC, and U-Haul Co. of Fort Worth
 
 
  
 
 
 APPELLEES
 
 
 
 
 
 
 
 


 

 

----------

 

FROM County
Court at Law No. 3 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellants
filed a notice of appeal on January 4, 2011, purporting to appeal a December
28, 2010 judgment or order of the trial court on a motion to extend post-judgment
deadlines.  We sent a letter on January 21, 2011, noting our concern that we
may not have jurisdiction because there is no final judgment or order to
appeal.  We also expressed our concern that we addressed the same issue in our
prior dismissal of the parties’ appeal.  See Flack-Batie v. Batie, No. 02-10-00269-CV,
2010 WL 3834653 (Tex. App.—Fort Worth Sep. 30, 2010, no pet.) (mem. op.).  We
requested that any party desiring to continue the appeal file a response showing
grounds for continuing the appeal.  In response, Appellants filed an amended
notice of appeal on February 8, 2011, appealing the same motion to extend post-judgment
deadlines and the July 1, 2010 order dismissing Appellants’ motion to reinstate
for want of jurisdiction.  Appellants also filed in response a “Request for
Judicial Notice and Motion for Leave to Reconsider Recall for Good Cause.”

          As
we stated in our January 21, 2011 letter, we previously addressed their motion
to reinstate in our dismissal in cause number 02-10-00269-CV.  In that
dismissal, we noted that the motion was filed out of time.  See Tex. R.
Civ. P. 165a(3), 329b(d); Flack-Batie, 2010 WL 3834653, at *1. 
Appellants’ August 3, 2010 notice of appeal was untimely, and Appellants’ February
8, 2011 notice of appeal is likewise untimely to the extent Appellants attempt
to appeal the trial court’s order on their motion to reinstate.  See Tex.
R. App. P. 26.1(a)(3) (providing that a notice of appeal is generally due
within thirty days after the judgment is signed but that a timely filed motion
to reinstate extends the filing deadline to ninety days after the judgment is
signed).  This court, therefore, has no jurisdiction to address that order.  See
Tex. R. App. P. 25.1, 26.1 (providing that appellate courts have jurisdiction
over timely filed notices of appeal).

          In
their “Request for Judicial Notice and Motion for Leave to Reconsider Recall
for Good Cause,” Appellants argue that their motion to reinstate was timely
filed and therefore extended the deadline to file a motion to extend post-judgment
deadlines.  We have held that their motion to reinstate was not timely filed,
and thus, the deadline was not extended.  See Tex. R. App. P. 26.1(a)
(stating that the appellate deadline is extended by the timely filing of
a motion to reinstate).  Appellants’ motion to extend post-judgment deadlines
was filed October 19, 2010, after the trial court’s plenary power had expired.  See
John v. Marshall Health Servs., 58 S.W.3d 738, 741 (Tex. 2001) (holding
that a motion to extend post-judgment deadlines under Rule 306a must be filed
before the expiration of the trial court’s jurisdiction).  We are without
jurisdiction to review a motion filed in the trial court after that court's
plenary power has expired.  See Clewis v. Safeco Ins. Co. of Am.,
287 S.W.3d 197, 203 (Tex. App.—Fort Worth 2009, no pet.) (noting the appellate
court had no jurisdiction over untimely motion filed in the trial court).

          Because
we have no jurisdiction to address either motion in Appellants’ notice of
appeal, we deny all pending requests for relief, and we dismiss this appeal for
want of jurisdiction.

 

PER CURIAM



PANEL: 
GABRIEL, J.; LIVINGSTON,
C.J.; and DAUPHINOT, J.

 

DELIVERED: 
April 21, 2011

 









          [1]See Tex. R. App. P. 47.4.