02-12-281-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00281-CV

 

 


 
 
 In re New Hampshire Insurance Co.
 
 
  
 
 
 RELATOR
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

ORIGINAL PROCEEDING

----------

MEMORANDUM
OPINION[1]

----------

          Relator
New Hampshire Insurance Co. seeks a writ of mandamus ordering the trial court
to vacate its March 17, 2011 order,[2] which vacated its December
30, 2009 order dismissing the underlying suit for want of prosecution.  Relator
contends that the trial court’s plenary power over its December 30 dismissal
order had expired when, fifteen months later, it signed the March 17 order
reinstating the case.

          The
law is well-settled that a trial court possesses plenary jurisdiction over a
dismissal order for thirty days or—if a timely, verified motion to reinstate is
filed—for thirty days after the motion to reinstate is ruled on or is overruled
by operation of law.  See Tex. R. Civ. P. 165a(3), (4); McConnell v.
May, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (explaining that a
verified motion to reinstate filed within thirty days of dismissal extends
plenary power for the same amount of time as a motion for new trial); Neese
v. Wray, 893 S.W.2d 169, 170 (Tex. App.––Houston [1st Dist.] 1995, no writ)
(recognizing that a trial court possesses plenary jurisdiction to reinstate a case
within thirty days of dismissal order even in the absence of motion to
reinstate).  If no written order of reinstatement is signed during the trial
court’s plenary power, the order of dismissal becomes final.  See, e.g.,
McConnell, 800 S.W.2d at 194 (holding that “since Blanchard did not file a
verified motion to reinstate within 30 days of the signing of the order of
dismissal, the trial court’s jurisdiction to reinstate the case expired”); Emerald
Oaks Hotel/Conference Ctr., Inc. v. Zardenetta, 776 S.W.2d 577, 578 (Tex.
1989) (orig. proceeding) (holding that because no written order of
reinstatement was signed during the trial court’s plenary power, “the judgment
of dismissal became final, terminating the trial court’s plenary power”); cf.
In re Brookshire Grocery Co., 250 S.W.3d 66, 68 (Tex. 2008) (orig.
proceeding) (“Mandamus relief is appropriate when a trial court issues an order
after its plenary power has expired.”); Clewis v. Safeco Ins. Co. of America,
287 S.W.3d 197, 203 (Tex. App.—Fort Worth 2009, no pet.) (explaining that
“[w]hen the trial court loses plenary power over a judgment, it also generally
lacks the authority to vacate the judgment”).

          A
few additional facts exist here.  First, prior to signing the December 30, 2009
dismissal order, the trial court had signed an order abating the underlying
case.[3]  And second, real party
in interest alleged—in a motion for reinstatement filed approximately one year
after the dismissal order—that it did not receive notice of the dismissal
order.  Neither of these facts, however, cause the trial court to retain
plenary jurisdiction over a case it had dismissed over a year earlier.  See,
e.g., Gnatt v. Getz, No. 14-10-00003-CV, 2011 WL 1849085, at
*5 (Tex. App.––Houston [14th Dist.] May 12, 2011, no pet.) (mem. op.)
(involving inadvertent dismissal following abatement and holding that trial
court possessed authority to sign dismissal order while case was abated); In
re Gen. Motors Corp., 296 S.W.3d 813, 820–21, 825–26 (Tex. App.––Austin
2009, orig. proceeding) (involving inadvertent dismissal following abatement,
alleged lack of notice of dismissal, and reinstatement, holding that trial
court’s action in inadvertently dismissing the case during the abatement was
not a void act so that the dismissal was not subject to being vacated by the
trial court after the expiration of its plenary power, and holding also that “even
if a party does not receive actual notice or acquire actual knowledge of the
entry of an order dismissing a case for want of prosecution, the trial court’s
plenary power over the case ends no later than the 120th day after the order of
dismissal is signed”).

          Because
the trial court lacked plenary power on March 17, 2011 to vacate the dismissal
order it had signed on December 30, 2009, we conditionally grant the writ of
mandamus.  The writ will issue only if the trial court refuses to vacate and to
set aside its March 17, 2011 order within ten (10) days of the issuance of this
opinion.[4]  

 

 

PER CURIAM

 

PANEL: 
WALKER, DAUPHINOT, and MEIER, JJ.

 

DELIVERED:  August 13, 2012









[1]See Tex. R. App. P. 47.4.





[2]We requested a response
from real party in interest Magellan Reinsurance Company, Ltd., but a response
was not filed.





[3]The abatement was not
based on a bankruptcy filing.





[4]This court’s stay of the
trial court proceedings previously granted will remain in effect until the
trial court complies with our opinion.