**Opinion issued September 6, 2012**



**In The**

**Court of Appeals**

**For The**

**First District of Texas**

————————

**NO. 01–11–00755–CV**

————————

**PATRICK OLAJIDE AKINWAMIDE, Appellant**

**V.**

**TRANSPORTATION INSURANCE COMPANY, CNA INSURANCE COMPANY, & AUTOMATIC DATA PROCESSING, INC., Appellees**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1997-48526**

---

**MEMORANDUM OPINION**

This is an attempted appeal from the denial of a motion to vacate a final judgment signed on August 9, 2000. Because we lack jurisdiction, we dismiss the appeal.

Appellant has filed five appeals, four of which were filed prior to the appeal presently before this Court, all related to two unsuccessful lawsuits to recover on a workers' compensation claim. Appellant first attempted to appeal an order signed April 26, 1998, which denied appellant's motion to try his case under the common law in the first lawsuit. *Akinwamide v. Transp. Ins. Co.*, No. 14-99-00580-CV, 1999 WL 816142, at *1 (Tex. App.—Houston [14th Dist.] Oct. 14, 1999, no pet.) (not designated for publication). The Fourteenth Court of Appeals dismissed the appeal because it did not have jurisdiction to consider an appeal from an interlocutory order. *Id.* Appellant then appealed an April 2002 order granting summary judgment to appellees Automatic Data Processing, Inc., Transportation Insurance Co., and CNA Insurance Co. in the second lawsuit. *Akinwamide v. Transp. Ins. Co.*, No. 14-02-00582-CV, 2003 WL 21025885, at *1 (Tex. App.— Houston [14th Dist.] May 8, 2003, pet. denied). The Fourteenth Court of Appeals affirmed the trial court's order granting summary judgment for appellees. *Id.* at *4. Subsequently, appellant appealed a jury verdict and judgment in the first lawsuit. *Akinwamide v. Transp. Ins. Co.*, 147 S.W.3d 623, 624 (Tex. App.—Corpus Christi 2004, no pet.). The Thirteenth Court of Appeals affirmed the jury finding and judgment of the trial court. *Id.* at 628. Finally, appellant filed a bill of review in March 2004 in an attempt to set aside the final judgment rendered against him in the

first lawsuit. *Akinwamide v. Transp. Ins. Co.*, No. 14-06-01054-CV, 2008 WL 660303, at *1 (Tex. App.—Houston [14th Dist.] Mar. 11, 2008, pet. denied). The Fourteenth Court dismissed appellant's bill of review. *Id*. at *5.

Appellant's fifth and present appeal challenges the trial court's denial of appellant's motion to vacate the judgment in the first lawsuit.[1] Appellant's motion to vacate was filed June 21, 2010. This Court is without jurisdiction to review a motion to vacate filed in the trial court after that court's plenary power has expired. *Clewis v. Safeco Ins. Co. of Am.*, 287 S.W.3d 197, 203 (Tex. App.—Fort Worth 2009, no pet.); *Shackelford v. Barton*, 156 S.W.3d 604, 607 (Tex. App.—Tyler 2004, pet. denied). A trial court retains jurisdiction over a case for a minimum of thirty days after signing a final judgment. *See DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.). A trial court's plenary power may be extended by timely filing an appropriate post-judgment motion within the initial thirty day period, which will extend the time period up to an additional seventy-five days. *Id*.

Here, the trial court entered its final judgment on August 9, 2000. Appellant's motion to vacate was filed in the trial court on June 21, 2010, nearly ten

---

[1] The record is unclear regarding whether a timely notice of appeal from the trial court's denial of appellant's motion to vacate was filed. However, for the reasons contained herein, this Court lacks jurisdiction over appellant's appeal regardless of whether appellant timely filed a notice of appeal.

years after the final judgment. The trial court's plenary power to vacate the judgment had therefore expired well before appellant filed his motion to vacate. Appellant himself recognizes in his filings with this Court that the trial court denied the motion to vacate because it was without plenary power to grant such a motion.

On June 13, 2012, the Court notified the parties of its intent to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating this court's jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellant filed a response, but it does not show grounds for continuing the appeal.

In his response, appellant contends that the trial court did not have jurisdiction to render the final judgment and therefore the judgment was void and the trial court's plenary power has not expired. Appellant proceeded to trial on the claims in his original petition regarding an adverse ruling and decision by the Industrial Accident Board of the Texas Workers' Compensation Commission (IAB). Appellant now asserts that he voluntarily dismissed or non-suited, by way of a first amended original petition which contained alternative pleadings, the claims contained in his original petition, and therefore the trial court's final judgment which resolved the claims in his original petition was void.

Generally, a judgment must be supported by the pleadings, and if not so supported, is void. *State v. Estate of Brown*, 802 S.W.2d 898, 900 (Tex. App.—San

Antonio 1991, no writ). However, when a petition is pleaded in the alternative, the claims contained in previous petitions are not waived. *Gen. Elec. Co. v. Ducane Heating Corp.*, 561 S.W.2d 47, 49–50 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ). Thus, filing an amended petition that consists of alternative pleadings does not constitute an admission by the party that there are no other claims pending before the court. *Id.* at 49–50.

Appellant incorrectly states that his amended petition voluntarily dismissed his appeal of the adverse ruling and decision of the IAB because that claim was omitted from the amended petition. *See id.* at 49–50. Appellant is therefore also incorrect in his assertion that the trial court was without jurisdiction to render the final judgment in the first lawsuit. *See id.* at 49–50. The petition appellant references in making these statements is entitled, "Plaintiff's First Amended Original Petition Alternative Pleadings." Additionally, within the petition, appellant's own pleadings include the following language, "if necessary and in the alternative." By pleading in the alternative, appellant's amended petition did not dismiss the IAB issue but rather added alternative pleadings to that original claim. *See id.* at 49–50. Therefore, the trial court did have jurisdiction to enter the final judgment on August 9, 2000 and did not have plenary power over the judgment

5

when appellant filed his motion to vacate nearly ten years after the judgment was signed.

The trial court's final judgment is not void and the trial court did not have plenary power over the judgment when appellant filed his motion to vacate. Therefore, we do not have jurisdiction over this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.