**AFFIRMED; Opinion Filed November 6, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01353-CV

### TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION, Appellant
### V.
### BONNIE JONES AND AMERICAN HOME ASSURANCE COMPANY, Appellees

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-07498-L**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Evans
Opinion by Justice Myers

The Texas Department of Insurance, Division of Workers' Compensation, appeals the trial court's judgment that was agreed to in a settlement between workers' compensation claimant Bonnie Jones and workers' compensation carrier American Home Assurance Company to pay Jones partial supplemental income benefits. The Department brings one issue on appeal asserting that Jones was ineligible for supplemental income benefits in the fourteenth quarter and that the agreed order to pay Jones partial supplemental income benefits for that period was not proper. We affirm the trial court's judgment.

## BACKGROUND

Jones was injured in the course and scope of her employment in 2005. American paid her workers' compensation benefits. In 2011, Jones sought supplemental income benefits for the fourteenth quarter, May 8, 2011 through August 6, 2011.[1] American opposed paying the benefits, a hearing officer for the Department denied Jones those benefits, and the appeals panel affirmed the decision. Jones brought suit in district court seeking judicial review of the denial of the supplemental income benefits. Jones and American reached a settlement agreeing that Jones was partially entitled to supplemental income benefits totaling $1,572.90 for the fourteenth quarter. Jones and American gave notice to the Department of the settlement agreement, and the Department intervened in the lawsuit to oppose the payment of partial supplemental income benefits for the fourteenth quarter. *See* TEX. LAB. CODE ANN. § 410.258(c) (West 2006). The trial court entered the judgment agreed to by Jones and American. The Department now appeals that judgment.

## SUPPLEMENTAL INCOME BENEFITS

In its issue on appeal, the Department contends the trial court erred by awarding Jones partial supplemental income benefits for the fourteenth quarter because she failed to seek employment actively during each week of the qualifying period and because partial supplemental payments "are precluded by administrative rules." The labor code provides that a trial court may not approve a settlement of a claim unless the court finds "the settlement adheres to all appropriate provisions of the law . . . ." LAB. § 410.256(b)(2) (West 2006).

---

[1] Jones also sought supplemental income benefits for the twelfth and fifteenth quarters, and the administrative ruling denied Jones benefits for those quarters. The parties' agreed judgment in the trial court provided that Jones would receive no benefits for the twelfth quarter and would receive supplemental income benefits totaling $3,124.92 for the fifteenth quarter. The Department's petition in intervention did not challenge those portions of the agreed judgment.

**Work Search Requirements**

To be entitled to supplemental income benefits for a quarter, a claimant must meet certain requirements during each week of the "qualifying period" for that quarter. One of those requirements is that the claimant "has demonstrated an active effort to obtain employment in accordance with Labor Code § 408.1415 and this section." TEX. ADMIN. CODE § 130.102(b)(2). The administrative code sets out the "work search requirements":

> (1) An injured employee demonstrates an active effort to obtain employment by meeting at least one or any combination of the following work search requirements each week during the entire qualifying period:
>
>> (A) has returned to work in a position which is commensurate with the injured employee's ability to work;
>>
>> (B) has actively participated in a vocational rehabilitation program as defined in § 130.101 of this title (relating to Definitions);
>>
>> (C) has actively participated in work search efforts conducted through the Texas Workforce Commission (TWC);
>>
>> (D) has performed active work search efforts documented by job applications; or
>>
>> (E) has been unable to perform any type of work in any capacity, has provided a narrative report from a doctor which specifically explains how the injury causes a total inability to work, and no other records show that the injured employee is able to return to work.

*Id.* § 130.102(d)(1). The claimant seeking to comply with subsection (d)(1)(C) or (D) must provide documentation "that he or she has, each week during the qualifying period, made the minimum number of job applications and or work search contacts consistent with the work search contacts established by TWC which are required for unemployment compensation in the injured employee's county of residence." *Id.* § 130.102(f).

The qualifying period for the fourteenth quarter was January 24, 2011 to April 24, 2011.[2] Jones had to meet the "work search requirements" for each week of the qualifying period. The clerk's record includes documents from the administrative proceeding on Jones's application for supplemental income benefits. Jones's application for supplemental income benefits stated that her county required a minimum of four work search efforts per week. The Department asserts that Jones made three applications for employment during the week of January 24 to 30, 2011, she made three applications during the week of January 31 to February 6, 2011, and she made no other applications for employment during the qualifying period. The Department argues that because Jones did not make four employment applications during each week of the qualifying period, Jones did not meet the "work search requirements" for receiving supplemental income benefits.

The trial court did not hold an evidentiary hearing on the Department's petition in intervention.[3] The record does not show that any evidentiary hearing or procedure was held in this case. Accordingly, there was no evidence admitted by the trial court that Jones did not comply with the work search requirements of the labor code and the administrative code.

### Partial Supplemental Income Benefits as Part of a Settlement

The Department also contends that the trial court erred by signing the agreed judgment because partial supplemental income benefits are not permitted by the statutes and regulations. The Department states that section 130.102(g) sets forth the formula for determining

---

[2] The Department states in its brief the qualifying period for the 14th quarter was January 23, 2011 to April 23, 2011, and the Department cites to Jones's benefits application in support of this statement. However, all other references in the record to that qualifying period, including the decisions of the hearing officer and the appeals panel, state that the qualifying period was January 24, 2011 to April 24, 2011.

[3] In its appellant's brief, the Department states that the trial court signed the agreed judgment without holding a hearing on the petition in intervention. The Department does not argue on appeal that the trial court erred by not holding a hearing on the petition in intervention. Accordingly, we do not consider whether the trial court erred by not holding a hearing on the petition in intervention before signing the agreed judgment.

supplemental income benefits, but the section does not provide for payment of partial amounts. *See* ADMIN. § 130.102(g). The Department states that if a claimant satisfies the requirements for supplemental income benefits, then the amount of benefits to be paid is the full amount provided by the formula. The Department asserts that the full amount for the fourteenth quarter would have been $2,797.56, which was more than the $1,572.90 amount agreed to by the parties.

The issue in this case, however, is not whether the amount of the payment equaled the amount calculated under the formula in section 130.102(g); the issue is whether the parties could compromise and settle Jones's claim for supplemental income benefits by agreeing to an amount that was less than the amount following the formula and thereby end the litigation. The Department argues that such settlements should not be allowed:

> Permitting the parties to dispense benefits of arbitrary amounts destabilizes the administrative dispute resolution process, adds additional time and expense in suits for judicial review, and ultimately undermines the Legislature's goal of a timely and cost-effective system. *See* TEX. LAB. CODE ANN. § 402.021 (describing goal).

Under the facts of this case, we disagree with the Department's argument. The Department does not explain how the parties' settlement in this case tended to "destabilize[] the administrative dispute resolution process." The parties' agreed judgment did not destabilize the administrative dispute resolution process because the administrative process had been exhausted and the parties were in the judicial review process when they reached the agreement. The Department does not explain how the settlement in this case "add[ed] additional time and expense." Instead of adding time and expense, the settlement would have ended the suit immediately instead of continuing with additional filings and hearings. The Department also does not explain how the compromise and settlement of a claim for supplemental income benefits for an amount less than that provided by the formula "undermines the Legislature's goal of a timely and cost-effective system."

The Department argues that the Texas Legislature did not intend to allow the parties to settle a suit for judicial review of administrative rulings on supplemental income benefits for amounts other than those expressly provided for by law. The State cites cases citing the bill analysis for section 410.256 of the labor code. *See Clewis v. Safeco Ins. Co. of Am.*, 287 S.W.3d 197, 201–202 (Tex. App.—Fort Worth 2009, no pet.) ("The statute was intended to prevent the parties from colluding to overturn appeals panel decisions.") (quoting *Tex. Prop. & Cas. Ins. Guar. Ass'n for Petrosurance Cas. Co. v. Brooks*, 269 S.W.3d 645, 649–50 (Tex. App.—Austin 2008, no pet.)); *see* House Comm. on Business & Industry, Bill Analysis, Tex. H.B. 3137, 56th Leg., R.S. (1997). Both *Clewis* and *Brooks* concern the requirement that the parties notify the Department of the settlement. *See Clewis*, 287 S.W.3d at 201–203 (whether parties must notify Department of proposed judgment following trial on the merits); *Brooks*, 269 S.W.3d at 648–49 (whether parties must notify the Department of judgment prepared by the trial court following granting of motion for summary judgment). In this case, it is undisputed the parties notified the Department as required by the statute. Accordingly, the holdings of those cases are not relevant.

The House committee report on which *Clewis* and *Brooks* rely states that the purpose of the law was to prevent the use of settlement agreements to overturn the decisions of administrative appeals panels. However, the "Background" section of the report states this purpose was intended to prevent insurance carriers from (1) settling claims to reverse or modify an administrative decision that awarded the claimant benefits and (2) using the settlement agreement and judgment to seek reimbursement through the Subsequent Injury Fund.[4] This case

---

[4] The report states,

**BACKGROUND**

does not involve either concern. The administrative decision denied Jones any benefits for the fourteenth quarter, and the agreed judgment awards her benefits. This is the opposite scenario from the concerns expressed in the House committee report. Furthermore, nothing indicates the settlement agreement could be used by American to seek reimbursement from the subsequent injury fund. *See* LAB. § 403.006 (West Supp. 2014); *id.* § 408.162 (West 2006).

The Department also cites the Texas Register. There, the Texas Workers' Compensation Commission was reviewing comments to section 130.102(d)(1) concerning the ways a claimant can comply with the work search requirements.

> Comment: Commenter stated that the term "qualifying period" could lead to an unnecessarily harsh result and gave the example of an injured employee who did not look for work because of the death of a family member. The commenter suggested that the rules be revised to allow for a prorated entitlement which is tied to the number of weeks of the job search. For example, an injured employee who looked for work only six weeks of the qualifying period would be entitled to six weeks of supplemental income benefit payments.
>
> Response: The Commission disagrees. The Act sets forth that if an injured employee meets the entitlement criteria for supplemental income benefits, then the injured employee is entitled to the entire quarter of payments. The statute does not provide for prorated benefits for the

---

Chapter 410 of the Labor Code currently allows insurance carriers engaged in a workers' compensation lawsuit to settle their case and then claim that the settlement agreement reverses or modifies an Appeals Panel decision awarding benefits. Carriers also use judgments based on default or on an agreement of the parties to accomplish the same end. Additionally, carriers sometimes attempt to use these settlement agreements and judgments to seek reimbursement through the Subsequent Injury Fund for any benefits they may have provided to a claimant. This proposed legislation prevents both of these practices. It also applies some of the Section 410.256 requirements with regard to court approval of settlements to a new Section 410.257 on court approval of judgments. Finally, this proposed legislation would make any judgment entered or settlement approved without complying with Sections 410.256, 410.257, or 410.258 void. This places the burden of compliance with these provisions on the litigating parties rather than the Commission.

**PURPOSE**

HB 3137 prevents the use of settlement agreements, and judgments based on default or on an agreement of the parties, to overturn Appeals Panel decisions. HB 3137 also prevents carriers from using these types of judgments and settlements to seek reimbursement from the Subsequent Injury Fund for benefit payments made to a claimant. HB 3137 also ensures that the Commission has notice and an opportunity to intervene in a workers' compensation lawsuit to explain why a judgment or settlement should not be approved by a court.

House Comm. on Business & Industry, Bill Analysis, Tex. H.B. 3137, 56th Leg., R.S. (1997).

failure to meet the entitlement provisions. The injured employee is either entitled or not entitled to supplemental income benefits for the particular quarter, based on whether or not the injured employee met the entitlement criteria during the qualifying period.

24 Tex. Reg. 407 (1999). The Commission's statement means that in a contested case, the Department or a trial court could not award partial supplemental income benefits for meeting the work search requirements for some but not all weeks of the qualifying period. In that situation, if the employee proves he met the work search requirements and any other requirements, then he gets the full amount of benefits; if he fails to prove he met the requirements for the entire qualifying period, then he gets nothing—there is no middle ground. However, the provision does not purport to prevent the parties from settling a claim for supplemental income benefits by agreeing to the claimant receiving partial benefits.

The public policy of Texas is to encourage the settlement of legal disputes. *See* Tex. Civ. Prac. & Rem. Code Ann. § 154.002 (West 2011) ("It is the policy of this state to encourage the peaceable resolution of disputes, . . . and the early settlement of pending litigation through voluntary settlement procedures."). That this policy applies to workers' compensation claims under judicial review is clear from the fact that the labor code expressly permits settlement of those claims. *See* Lab. §§ 410.256, .258 (West 2006). Sections 410.256 and .258 impose various requirements on a settlement, but none expressly prohibits the parties from compromising and settling a suit for judicial review of the denial of supplemental income benefits by agreeing to pay the claimant an amount less than that provided by the formula. *See id.*

We conclude the Department has not shown the agreed judgment was contrary to the law and that the trial court erred by signing the judgment. We overrule the Department's issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

131353F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION, Appellant

No. 05-13-01353-CV          V.

BONNIE JONES and AMERICAN HOME ASSURANCE COMPANY, Appellees

On Appeal from the 193rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-07498-L.
Opinion delivered by Justice Myers.
Justices Francis and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees BONNIE JONES and AMERICAN HOME ASSURANCE COMPANY recover their costs of this appeal from appellant TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION.

Judgment entered this 6th day of November, 2014.